## THE GEORGIA RAILROAD COMPANY *vs.* THOMAS.

1. Where a declaration alleged that the employés of a railroad had violently, unnecessarily and improperly blown the whistle of the engine, thereby frightening the plaintiff's horse and causing him to run away and injure the plaintiff, it could be amended by setting out more fully and distinctly the circumstances and facts of the tort. Such an amendment did not add a new cause of action.

2. Where answers to cross interrogatories refer to the answers of the same witness to direct interrogatories as containing the facts asked about in the cross interrogatories, and such facts are so contained, the interrogatories will not be excluded for failure to more fully answer the cross questions.

3. In suits against a railroad for damage to personal property caused by the running of its trains, after the injury has been established, three defences are open to the railroad—that the plaintiff consented to the injury, that he caused it solely by his own negligence, or that the defendant exercised all ordinary and reasonable care and diligence. In cases of injury to the person, another defence is open

to the road—that the plaintiff could have avoided the injury by the use of ordinary care. Such defence should not be ignored by the court.

(*a.*) While ordinarily the general charge may be invoked to cure a defect in a special branch of it, yet where, after the conclusion of the general charge, a request of plaintiff's counsel was given, limiting the defence to proof of one of three propositions, and a request of defendant's counsel, allowing a fourth ground of defence (which was in fact admissible) was refused, such ruling will cause a new trial.

Amendment. Evidence. Interrogatories. Railroads. Damages. Negligence. Before Judge POTTLE. Hancock Superior Court. April Term, 1881.

To the report contained in the decision it is necessary to add only the following:

The second amendment of the declaration was, in brief, as follows: The engineer, as the agent of the defendant, instead of blowing the whistle only in approaching the crossing of the public road, as required by law, did blow it violently, etc., beyond said crossing, and continued to blow it for the distance of ninety or one hundred yards, thereby frightening plaintiff's horse, and causing him to throw the plaintiff, inflicting serious and permanent injuries on him.

Certain witnesses were examined for the plaintiff by interrogatories. They gave the facts known to them in their answers to the direct interrogatories, and where the same facts were again asked for in the cross interrogatories, they referred to their answers already given. Defendant's counsel moved to exclude them for want of fuller answers to the cross interrogatories. This was refused by the court.

W. M. & M. P. REESE; SEABORN REESE, for plaintiff in error.

F. L. LITTLE; JAS. A. HARLEY; L. W. THOMAS; J. H. LUMPKIN, for defendant.

SPEER, Justice.

Defendant in error brought his action against the plaintiff in error for personal injuries received by him in consequence of the alleged fault, negligence and illegal conduct of the agents and employés of the plaintiff in error, in and about the running of the trains of said company. He alleges "that on the 7th day of January, 1880, he had left his home about 10 o'clock in the morning, and was riding along the public road near by a point where the railroad track crosses the public road ; that as the petitioner was approaching the point of said crossing, he observed an engine and train approaching said crossing from towards the east end of said railroad track ; that petitioner was in full view of said engine and train when the same was first observed by him as well as afterwards ; that he rode quietly and steadily along said public road until he had crossed and passed beyond said public crossing, and was ten or fifteen yards from said crossing, when the engineer of said train began suddenly and violently blowing the whistle of said engine, whereby plaintiff's horse became frightened; and he continued to blow said whistle until plaintiff's horse ran away with plaintiff, had thrown him from his saddle upon the ground in a violent and dangerous manner, and under the sudden fright produced by the running of said engine and train, and the illegal, violent, sudden and unnecessary blowing of said whistle, he was trampled under the feet of his horse, thereby crushing him and seriously and painfully injuring him," etc.    He alleges "if said whistle had been blown as required by law at the distance of 400 yards from said crossing, and continued to blow up to said crossing, and checking the speed of said engine, the horse of plaintiff would not have been frightened, and plaintiff's injuries would not have been sustained, and the blowing said whistle after plaintiff had crossed said railroad track and not before, and beginning to blow the same within sixty

or seventy yards of said crossing, and not before, was a gross, negligent and wanton act on the part of said company."

Under the proofs submitted and the charge of the court, the jury returned a verdict in favor of the plaintiff for the sum of $1,000.00 damages. Whereupon defendant below made a motion for a new trial on various grounds, which are set forth in the record, which was refused by the court, and defendant excepted.

1. We see no error in the court allowing the second amendment plaintiff filed to his declaration, as insisted upon by counsel for plaintiff in error, on the ground that the same was a new and distinct cause of action. It was an amendment charging in substance the same tort as originally complained of, and only set forth the more fully and particularly the circumstances and facts that led to the alleged tort.

2. Neither was there error in the admission in evidence of the interrogatories of the two female witnesses, on the ground that they had not answered fully the cross interrogatories. When the answers to such crosses referred to their answers to the direct interrogatories for their answers to the crosses, and it appeared the answers to the direct interrogatories did furnish full answers to the cross interrogatories complained of, it was not error to admit them.

3. It is also claimed that the court erred, after concluding his general charge to the jury, by giving the following written request in charge, as asked for by the plaintiff below : "If the evidence in this case shows that the plaintiff has been injured, and also that the defendant, the Georgia Railroad and Banking Company, as lessee of the Macon and Augusta railroad or otherwise by its agents, caused said injury and that injury was caused in this county, then the plaintiff would be entitled to recover of the defendant all damages he has proved in consequence of said injury unless the defendant by the evidence establishes one of the three following propositions, to-wit:

v 68—49

First: That the plaintiff consented to the injury.

Second: That he caused it solely by his own negligence.

Third: That the defendant, the Georgia Railroad, by its agents, exercised all ordinary care and diligence.

The law fixes the burthen of proof on the defendant in this case to prove one of the three above propositions. Upon proof of an injury by a railroad company in this state to any one, the law presumes the railroad company was at fault, and the burthen of proof is upon the company to show to the contrary, and it can do so in the three ways just before stated."

Also, because the court erred in refusing to give in charge to the jury the following written request as asked for by counsel for defendant below: " Now if you find from the testimony that the conduct of Thomas, at the time of the accident and just before, in meeting an approaching train, riding a horse that was known to be afraid of the cars, and on a saddle that was insecure was not that of a prudent man, and that he did not exercise ordinary care as already defined, then I charge you he cannot recover in this case, and you should find for the defendant."

It is insisted by counsel for defendant in error that the written charge given on their request as complained of, in which the court instructed the jury that the railroad company would be liable for damages unless it established one of the three propositions therein stated, to-wit: that the plaintiff consented to the injury; that he caused it solely by his own negligence; that the defendant exercised all ordinary care and diligence, was not error, because such was the rule recognized and stated by this court in the case of the *Georgia Railroad vs. Neely*, in 56 Ga., 543. But it will be seen that this rule in that case was applied, and intended to be applied, alone to suits for damages to property, and not to personal injuries which may be the subject matter of suit. For in the same case the judge pronouncing the decision

said : " I have purposely omitted from the grounds of this opinion any reference to section 2972 of the Code, which declares that "if the plaintiff, by ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

It is complained by plaintiff in error the court in this suit for personal injuries laid down a rule made applicable to damages to personal property, and thereby omitted and ignored the important ground of defence relied upon in this case, that "If the plaintiff by ordinary care could have avoided the consequences to himself by the defendant's negligence, he is not entitled to recover." Code, 2972. We are of opinion this complaint is well founded, especially in this case, when taken in connection with the fact that the defendant below by a written request asked the court to charge, and which charge the court refused, that "If you find from the testimony that the conduct of Thomas was not that of a prudent man, and that he did not exercise ordinary care as already defined, then I charge you he cannot recover in this case, and you should find for the defendant."

The written request of plaintiff below ignores and omits the main and chief ground of defence relied upon by the defendant below; and when it is thus omitted in a written request presented by plaintiff below and given, and the defendant below seeks to cure and correct that omission by asking in writing that the court should in- struct the jury "that the plaintiff cannot recover if he could by the exercise of ordinary diligence have avoided the injury," we think it was such an error as entitles the party complaining to a new trial.

But it is insisted that the court gave this principle em- braced in the 2972 section of the Code in his general charge to the jury, and that cures the error, if any. While this may be and is true ordinarily, yet, if when the gen- eral charge is completed, and the plaintiff for the purpose of grouping and presenting in a written request all the

grounds upon which the defendant can prevent a recovery, reduces the grounds of the defence to three proposi-tions of law, and the court gives such request in charge, and when the counsel for defendant in reply seeks to have given as a written charge another legal proposition which is correct, and upon which he relies for defence, and the court refuses so to charge, we think the whole, taken to-gether, is not a fair submission of the law on both sides, and its tendency is to mislead the jury, and was therefore error. We do not wish to be understood as expressing any opinion upon the merits of this controversy. We are dealing alone with the law of the case. But as in our opinion the facts of the case did not demand the verdict rendered, notwithstanding the error of law, we are con-strained to set aside the verdict and grant a new trial on the ground that we do not think in the particulars referred to the law of the case was properly submitted to the jury.

Judgment reversed.