## 2682.  CLARY *v.* THE STATE.

RUSSELL, J.  1. The court did not err in overruling the objection to the juror who was challenged on account of relationship.    If the juror's great-grandmother and the great-grandfather of the father of the accused were brother and sister, the relationship was not within the 9th degree.    See 2 Bl. Com. 207; *Smith* v. *State*, 2 *Ga. App.* 576 (59 S. E. 311); *Ledford* v. *State*, 75 *Ga.* 857.

2. It is not error to allow even a non-expert witness to give his opinion, where he has fully stated the facts upon which the opinion is based. The probative value of the opinion is for the jury.    Whether a particular witness has such learning and experience in a particular art, science, or profession as to entitle him to be designated as an expert, or to be deemed prima facie an expert, is a matter addressed to the sound discretion of

the court; and this discretion will not be controlled,` except where it is manifestly abused.    Whether his learning, skill, and experience really entitle his testimony to be considered as that of an expert is at last to be determined by the jury.

3. The court having rebuked the counsel for stating, in his argument to the jury, that if the defendant was disposed to be honest and fair, he would have remunerated the prosecutor for the loss of his horse, and in connection therewith having instructed the jury that they should not consider anything outside of the testimony, said by either of the counsel, and having directed the counsel to confine themselves to the law and the evidence, it was not error to overrule the motion for a mistrial.

4. The charge of the court to which exception is taken affords the plaintiff in error no just grounds for complaint.    To require the jury to be satisfied to a moral and reasonable certainty that the defendant wilfully drove the horse faster or a greater distance than he was able to go was not only in accord with the language of the statute, but was also more favorable to the accused than if the word "wilful" had been omitted; because, by the use of this word, the jury was impliedly told that if the driving was unintentional, or merely negligent, the accused should not be convicted.                                *Judgment affirmed.*

DECIDED JULY 19, 1910.

Indictment for cruelty to animal; from Wayne superior court—Judge Conyers.    April 19, 1910.

*James R. Thomas,* for plaintiff in error.

*J. H. Thomas,* solicitor-general, *Robert L. Bennett, James W. Poppell,* contra.