11291.   HINES, director-general, *v.* HENDRICKS.

1. In its statement of the plaintiff's contentions the charge of the court was not subject to the exception that it was unauthorized by the pleadings and evidence.
2. The instructions complained of as casting upon the defendant the burden of disproving negligence if the plaintiff showed simply that he was "injured while a passenger on the line of the defendant" do not require a new trial on the ground that they authorized a recovery for injury not caused in the manner alleged in· the plaintiff's petition. There was no evidence that he was injured in any other manner than that alleged.
3. Extraordinary diligence to protect a passenger from injury is due as well to a passenger on a mixed freight and passenger train as to one on a passenger-train, although a jolt which might manifest a lack of such diligence in the operation of a passenger-train might properly be regarded as reasonably incident to the operation of the other kind of train. In either case it is a question for a jury whether the jolt amounted to a lack of extraordinary care. The instructions to the

jury on this point in the present case were not subject to the exceptions taken.

4. Although the plaintiff's petition does not state with desirable clearness that the damages sued for are intended to include compensation for lost time and expenses of sickness, it is manifest that this was the intent of the pleader, and, in the absence of a demurrer, the allegations of the petition were sufficient to authorize the introduction of evidence as to these elements of damages and the charge of the court thereon.

5. When considered with its context, the instruction complained of as expressing an opinion as to what was established by the evidence is not subject to that exception.

6. There being no evidence tending to show that the witness was an expert, further than that he was a flagman of a train on a particular occasion, the exclusion of a certain part of his testimony, as to whether the train, after rolling only five or six feet, could stop so suddenly as to throw a man off his feet, was not cause for a new trial, especially since other testimony by him to the same effect was admitted.

7. The amount of the verdict is not so large as to indicate bias or prejudice on the part of the jury.

DECIDED OCTOBER 13, 1920.

Action for damages; from Walker superior court — Judge Wright. December 23, 1919.

Hendricks was injured while he was a passenger on a mixed freight and passenger train, and he sued for damages, alleging that when the train stopped at his destination — a regular stopping station — and passengers were getting off, and he had gotten near the door of the coach he was in, intending to get off, but before he reached the door, "the train was started with a hard jerk, and, moving a few yards, the engine was suddenly stopped and the coaches jammed, which threw the plaintiff forward through· the door with great force" against the guard-railing of the platform, and he thus received personal injuries described; that the defendant's agents or employees failed to exercise due care for his protection and were grossly negligent in the management and operation of the train when he was trying to get off, and that the said negligence was the proximate cause of the aforesaid damage. There was no demurrer to the petition. The trial of the case resulted in a verdict against the defendant for $1,700.

*J. Branham, Maddox & Doyal, Rosser & Shaw,* for plaintiff in error.

*T. J. Harris, Henry & Jackson,* contra.

JENKINS, P. J. 1. The exceptions taken to the charge of the

court as improperly stating the contentions of parties are without substantial merit. The court in stating the plaintiff's contentions said: "He says that . . while he was going to alight from the train it started off again and then gave a sudden jerk and sudden stop and threw him, and that as a result of this sudden jerking and pulling he was thrown," etc. The defendant contends that the negligence set forth in the petition was the sudden stopping of the train, and that therefore this statement of the plaintiff's contentions was unauthorized by the pleadings and evidence. The alleged sudden starting and almost immediate sudden stopping of the train are the acts of negligence charged in the petition which, taken together, constitute the proximate cause of the injury. The petition was not demurred to. While it is true that in an action for damages against a railway company the plaintiff must rely only upon those acts of negligence set forth by the petition (*Central of Ga. Ry. Co.* v. *Weathers,* 120 *Ga.* 475, 478, 47 S. E. 956; *Seaboard Air-Line Ry.* v. *Pierce,* 120 *Ga.* 230 (2) 47 S. E. 581), in this case the contention of the plaintiff as to the negligence of defendant in thus suddenly starting and almost immediately and with suddenness stopping the train was made by his petition and covered by his evidence substantially as outlined in the charge.

2. The presumption which arises against a railway company upon proof of injury from the operation of its cars extends only to the acts of negligence charged by the petition. *Central of Ga. Ry. Co.* v. *Weathers,* supra; *Ga. So. & Fla. Ry. Co.* v. *Thornton,* 144 *Ga.* 481, 484 (87 S. E. 388). The defendant complains of the following excerpts from the charge of the court: "I charge you, however, in connection with this burden of proof, if the plaintiff shows he was injured while a passenger on the line of the defendant, that would cast upon the defendant the burden of showing that even though he was injured it was not through any fault of theirs, that they were not negligent in causing the injury, or that he by the exercise of ordinary care could have avoided the injury to himself; and this burden upon the part of the defendant is carried just in the same way that I have explained to you as to the plaintiff; that is, by a preponderance of the testimony, an outweighing of the testimony, as it may have the greater proving force to your minds." The exception taken to this is "that the

same was too general and indefinite, in that it cast the burden on the defendant, upon mere proof of injury in any way, irrespective of whether or not it was caused in the manner alleged in the petition," and "that the defenses of the defendant were limited to the matters referred to, and excluded the defense that whatever injuries plaintiff received were not caused in the manner stated in the petition." The exception does not authorize a reversal of the judgment, since there is no evidence in the case, either for the plaintiff or the defendant, going to show that the injury occurred in any other or different manner than the way alleged; the contest in the case being as to the severity of the jolt, and as to whether plaintiff exercised ordinary care in protecting himself, and upon the extent of the injury.

3. In response to a request made by the defendant, the judge charged the jury as follows: "Any person who voluntarily takes passage on a freight-train, or a mixed freight and passenger train, is entitled to look for such security only as that mode of conveyance is reasonably expected to render, and takes the risk of such jolts and jerks as are usual and incident to the operation of such a train." Complaint is made that immediately following this instruction, the court went on to state as follows: "But I charge you in this connection, that this does not relieve the defendant from the duty, which I have just explained to you, of using extraordinary diligence to protect the passenger from injury; and what is extraordinary diligence in any particular case is a matter exclusively for the jury to determine, and in determining whether they used this extraordinary diligence or not you are authorized to take into consideration the character of the train, that is, whether it was a mixed train, or a straight passenger-train, or a freight-train." The two excerpts, when taken together, correctly state the principle of law involved. A jolt which might manifest a lack of extraordinary care when given to a passenger-train might, when occurring on a freight or mixed train, be taken as being reasonably incident to that character of conveyance, but in either case the standard of care is the same. It was a question for the jury to say whether the jolt, as given by this particular kind and character of train, occurring at the particular time and under the particular circumstances shown, amounted to a lack of extraordinary care.

4. The 7th paragraph of the plaintiff's petition is as follows: "That on account of said injuries to plaintiff's person, he has suffered and will suffer great and lasting physical pain and mental anguish; has been compelled to lose much valuable time, wherein he could have earned from $25 to $30 per week at his trade as a barber; has had to go to great expense for medicine and doctor bills necessary to his recovery from said injuries, and his capacity to earn money at his trade has been greatly reduced; and while before his injury plaintiff could stand and work at his trade all day, since and on account of said injuries it is with great difficulty and pain that plaintiff can stand to do a day's work at his trade of barbering, and part of the time he can not do it." In paragraph 8 it is stated that "said negligence on the part of the defendant's employees was the proximate cause of the aforesaid damage and expense to plaintiff, for which he sues the defendant for $5000.00 as personal damages." In paragraph 9 the plaintiff says that "in addition to suing for $5000.00 as personal damages, plaintiff sues the defendant for $2000.00 as punitive damages." No demurrer either general or special was entered to the petition. Certain grounds of the motion for a new trial make the point that the court erred in admitting evidence relative to lost time, expense, etc., and also in instructing the jury along that line, since it is contended that the suit was limited to a recovery for personal injuries, and did not seek to recover for such items. While the petition does not state with desirable clearness that the damages sued for are intended to include the items referred to, still we think that such is the manifest purpose and intent of the pleader, and in the absence of special demurrer it was sufficient to authorize the evidence and the charge in reference thereto.

5. Exception is also taken to the charge of the court in reference to the loss of time and expense for the further reason that the defendant contends that this portion of the charge amounted to an expression of opinion by the judge as to what had been established by the evidence. The judge charged the jury as follows: "The first thing you are to determine is whether or not the plaintiff is entitled to recover, under the evidence and the law as given you in charge. If you find he is entitled to recover, then go further and see how much he is entitled to recover. If you find he is not entitled to recover, of course you will not inves-

tigate the question of amount, but stop there and find for the defendant. But, if he is entitled to recover, the plaintiff would be entitled to recover for his loss of time at work, whatever that may have been, and his doctor's bill and expenses during his sickness, whatever you may find from the evidence that may be; and, in addition to that, if you find he suffered physical and mental pain and suffering on account of the injuries, he would be entitled to recover for that. Now, of course, the loss of time and the expenses of sickness, including doctor's bill, is a matter of direct proof upon the part of the plaintiff in the case, and that's established by evidence, and you must find according to the evidence on that; but as to suffering mental and physical pain and suffering, the only rule of law to govern you there is simply your enlightened conscience as impartial jurors. In other words, if you find the defendant liable, you would give for this pain and suffering just such sum as your consciences dictate, as would be a just compensation for the pain and suffering he underwent." The portion of the excerpt just quoted which the defendant thus excepts to is as follows: " Now, · of course, the loss of time and the expenses of sickness, including doctor's bill, is a matter of direct proof upon the part of the plaintiff in the case, and that's established by evidence, and you must find according to the evidence on that." Were we to construe the portion of the charge thus complained of standing by itself and alone, it might be susceptible to the criticism offered, but when we construe it, as we must, in connection with what immediately preceded and especially with what immediately followed, we do not think that the jury could have been misled into believing that they were instructed to accept as true the evidence along this line, but rather that the judge was intending to distinguish between the rule for allowing damages for pain and suffering — where they would have to be governed by their enlightened consciences under the facts as shown — and the rule in allowing damages for lost time and expenses — which by their nature are susceptible of more positive proof. As was said by the Supreme Court in *Mayor &c. of Savannah* v. *Waldner,* 49 *Ga.* 316, " A plaintiff cannot claim for what is capable of almost exact proof, without furnishing the jury some testimony to arrive at the measure or amount of the claim." It seems clear that the trial judge was merely seeking

to draw this distinction, and was instructing them that so far as any award for expenses, etc., was concerned, they would be limited in their finding to the direct proof on those matters, the actual sum (quoting his previous language) to be "whatever you may find from the evidence that may be."

6. The flagman of the train had testified that it rolled only five or six feet after first coming to a stop, and he was then asked the question: "Moving in this way, would it be possible to stop suddenly, so as to throw a man off his feet." He answered "No," and this reply was excluded by the court. "The opinions of experts, on any question of science, skill, trade, or like questions, are always admissible." Civil Code (1910), § 5876. At the time this testimony was ruled out the only proof submitted which would have tended to qualify this witness as an expert was that he was the flagman on that particular train. An expert is one who by his habits of life and business has peculiar skill in forming an opinion upon the question involved. *White* v. *Clements, 39 Ga.* 232. The question as to whether a witness has qualified as an expert is addressed to the sound discretion of the court. *Clary* v. *State, 8 Ga. App.* 92 (2) (68 S. E. 615). Besides, in this case it appears that almost the same evidence, in substance, was in fact admitted, the record showing that this witness testified that "it would not be possible to come together with a sudden, severe jerk or jam, moving at that rate of speed."

7. "The question of amount of damages is for the jury, and the court should not interfere unless there is something in the record or in the amount awarded to indicate that the verdict was the result of prejudice or bias on the part of the jury." *Realty Bond & Mtge. Co.* v. *Harley, 19 Ga. App.* 186 (2) (91 S. E. 254); *Standard Oil Co.* v. *Reagan, 15 Ga. App.* 571 (84 S. E. 69). Under the application of this rule, the evidence does not warrant disturbing the verdict as being excessive.

*Judgment affirmed. Stephens and Smith, JJ., concur:*