## 24504. SIMPSON GROCERY COMPANY *v.* HOLLEY.

DECIDED MAY 9, 1935. REHEARING DENIED JUNE 15, 1935.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Porter & Mebane, Farkas & Burt,* contra.

SUTTON, J. Plaintiff's petition alleged that his automobile was damaged by reason of the negligence of the defendant's servant in the operation of its grocery delivery truck, which came out of a side road, not a public road or highway, into the Dixie Highway directly in front of plaintiff's oncoming automobile, which the driver of defendant's truck clearly saw, without slowing down or stopping, thereby causing the collision and wrecking plaintiff's automobile. The defendant denied liability, and contended that its truck was not driven out of such side road, but was proceeding along the highway in front of plaintiff's automobile at a slow rate

of speed, fixing to stop to make a delivery of groceries, when plaintiff's automobile, being driven at a high rate of speed, ran into the rear of the truck, and that the damage to plaintiff's automobile was caused by the negligence of the driver of the same and by his failure to exercise ordinary care to avoid the collision. No demurrer was filed. The trial resulted in a verdict in plaintiff's favor. The defendant moved for a new trial, the motion was overruled, and the movant excepted.

1. The evidence in this case was in sharp conflict as to the cause of the collision and the manner in which it occurred. Plaintiff's evidence was to the effect that defendant's truck was driven out of the side road directly in front of his automobile, without any signal or slowing down for the highway, although plaintiff's driver blew his horn, and although the driver of defendant's truck saw plaintiff's automobile approaching along the Dixie Highway. Defendant's evidence was to the effect that its truck was already proceeding along the highway on the right side of the road, that it was proceeding slowly, fixing to stop and make a delivery of some groceries, and that plaintiff's car was being driven at a rapid rate of speed and ran into the rear of defendant's truck, thereby causing the collision and damaging plaintiff's automobile, when there was plenty of room in the highway for him to pass around defendant's truck. Under the evidence, though conflicting, the verdict in plaintiff's favor was authorized. In such circumstances, this court will not disturb the finding of the jury, based solely upon the sufficiency of the evidence to support the verdict. "A verdict supported by any evidence and approved by the trial judge can not be set aside by this court because of conflicting evidence or alleged insufficiency of evidence." *Stedham* v. *Kinney*, 41 *Ga. App.* 543 (153 S. E. 610); *Collins* v. *Brown*, 21 *Ga. App.* 420 (94 S. E. 645.)

2. The failure of the court to charge the jury, without a request, that "An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway," does not require the grant of a new trial to the defendant in this case. While the plaintiff contended that the defendant's truck was driven out from a side road, not a highway or

public road, on plaintiff's right, into the Dixie Highway, directly in front of his approaching automobile which was proceeding in a northerly direction along the highway, the defendant denied this and specifically contended that its truck did not come out from such side road, but had been in the highway for some distance and was proceeding along the same in front of plaintiff's automobile, and that plaintiff's automobile negligently ran into the rear of its truck. It was not error for the judge to fail to give this principle of law in charge to the jury, as against the defendant in this case.

3. The court charged the jury that the defendant contended that its driver gave a signal as he continued north along the highway. Defendant says that this was error, because it did not contend this, that this injected into the case an issue not raised by the pleadings of either the plaintiff or the defendant. It is true that no such issue was made by the pleadings. However, the plaintiff offered evidence that the defendant's driver did not give any signal, and the defendant's evidence was that its driver did give such signal. While this evidence was not authorized by the pleadings of either party, still it was allowed to remain in the case without objection, and the pleadings could have been amended to conform therewith. This being so, the jury had a right to consider such evidence in arriving at their verdict, and the trial judge did not err as against the defendant in charging the jury as above stated. See *Haiman* v. *Moses,* 39 *Ga.* 708; *Field* v. *Martin,* 49 *Ga.* 268; *Howard* v. *Barrett,* 52 *Ga.* 15; *Artope* v. *Goodall,* 53 *Ga.* 318, 323; *Central Railroad & Banking Co.* v. *Attaway,* 90 *Ga.* 656, 659 (16 S. E. 956), and cit.; *Howard* v. *Georgia Power Co.,* 35 *Ga. App.* 273 (6) (133 S. E. 57).

4. The trial judge did not err in charging the jury as to a contention of the defendant that "By their evidence they contend that their automobile truck was being driven along said Dixie Highway in a northerly direction, and that the driver of the automobile of the plaintiff, going in the same direction, ran into the rear of said automobile. They contend further that there was sufficient space on either the right or left hand side of said truck for the automobile of the plaintiff to have been driven around said truck, and in this way to have avoided said collision, and they say that by the exercise of ordinary care on the part of the driver of the plaintiff's automobile, he could have avoided the collision and consequent in-

jury to the automobile of the plaintiff." This charge was authorized under the pleadings and the evidence of the defendant. The evidence of the defendant was to the effect that the driver of the plaintiff's automobile could have avoided striking defendant's truck, there being room for him to have driven around either side thereof.

5. The trial judge did not err as against the defendant in charging the jury as follows: "I charge you or give you in charge section 'd' of the automobile act. An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken, provided that the way ahead is clear of approaching traffic, but if the way is not clear he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving; provided further, that no operator shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is in anyway obscured, or while the vehicle is crossing an intersecting highway. An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right, in order to allow free passage on the left of his vehicle. You look to the evidence, and you determine as to whether or not that rule of law might be applicable in this case or not." This law was applicable under defendant's answer and the evidence in this case, and the criticisms thereof are not well founded.

6. The trial judge did not err in overruling defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*