150

DECIDED DECEMBER 5, 1938.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.
*W. O. Slate, F. Lee Evans, R. M. Wright, Paul W. Hughes,*
contra.

STEPHENS, P. J. 1. In a suit to recover damages for personal injuries sustained by the plaintiff, alleged to have been caused by the negligence of the defendant in the operation of its automobile on a public street, where it was alleged in the petition that as a result of the alleged negligence the plaintiff's leg was broken, and that he had suffered other physical injuries which were permanent in character and which would interfere with his ability to labor in the future, and his earning capacity would be curtailed materially, the charge of the court that the plaintiff contended that his bodily health and vigor had been impaired by reason of the defendant's negligence and the jury should determine whether the plaintiff's health and vigor had been impaired, and that the plaintiff would be entitled to recover a sum for the impairment of his health and vigor if the plaintiff was otherwise entitled to recover, was not error, on the ground that there was no allegation in the petition as to the impairment of the plaintiff's health and vigor (it being conceded by the defendant that "the impairment of health and vigor necessarily involves diminished capacity to labor and earn money").

2. Where it was alleged in the petition that the injuries received by the plaintiff were caused by concurrent acts of negligence of both defendants (there being two defendants, the other one having been eliminated from the case), and this was denied by the defendant in its plea, the charge of the court that the defendant contended that the injury received by the plaintiff was not the result of the concurrent negligence of the defendants, was not error, on the ground that it was not a contention of the defendant that the injury to the plaintiff was not the result of the concurrent negligence of both defendants.

3. Where the defendant in its plea alleged that the sole proximate cause of any injury sustained by the plaintiff was due to his own negligence, and the court charged the jury that the defendant

so contended, and also charged the jury that if the only cause of the injury was the negligence of the plaintiff himself there could be no recovery, the charge was not subject to the objection that the court failed therein to instruct the jury that the contention of the defendant was that the sole proximate cause of the injury sustained by the plaintiff was his own negligence, or failed to instruct the jury that there could be no recovery if the injury was done by the plaintiff's consent or was caused by his own negligence.

4. Where the court charged the jury that the defendants may be sued jointly despite the fact that the injuries might not have been sustained had only one of the acts of negligence occurred, this charge was not harmful to the defendant on the ground that it was calculated to confuse and mislead the jury into the belief that a joint liability would exist even though this defendant was not guilty of negligence, where the judge later, clearly and unequivocally, instructed the jury that if the defendant was not negligent the jury should find for the defendant.

5. A charge to the jury that it would be sufficient to support a recovery in a suit against two defendants if the negligence of both parties contributed to the injury, was not an instruction that there could be a recovery against both defendants, notwithstanding the negligence of one of the defendants might not have proximately contributed to the injury. Especially was this not error where the court later, at the end of the charge, expressly instructed the jury that if the defendant was negligent and such negligence did not combine naturally and directly to produce the injury the defendant would not be liable. This charge further was not subject to the further exception that the jury was thereby instructed that there could be a recovery against the defendant if the defendant was negligent, although the defendant's negligence might not have proximately contributed to the plaintiff's injury.

6. A charge to the jury that if the plaintiff was guilty of negligence which was not as great as the negligence of the defendants the plaintiff could recover damages in a diminished amount was not error harmful to the defendant in that the court omitted to charge in connection therewith that if the negligence of the plaintiff and that of the defendants were equal there could be no recovery. The charge as given stated a correct proposition of law, and was not error in that immediately in connection therewith the court did

not state another and correct proposition of law. This charge further was not error on the ground that the court failed in connection with some other portion of the charge to charge that no recovery could be had under the comparative-negligence rule if the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself of the defendant's negligence.

7. The charge is not subject to the objection that it was harmful to the defendant in that it was confusing and argumentative. Nowhere was the charge harmful to the defendant.

8. Assuming that the defendant's motor truck had come to a complete stop before the plaintiff passed from behind it into the path of another automobile which ran into him and injured him, which injury, it is contended, was the proximate result of the negligence of the defendant owner of the truck, it was not error, on the ground that as the truck had come to a stop there was no negligence of the defendant that could be apparent to the plaintiff, for the court to charge that the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence would not arise until the plaintiff knew, or in the exercise of ordinary care should know, that "such negligence is apparent, or by the exercise of ordinary care should have been apparent."

9. The motor vehicle law (Code, § 68-302), provides that every motor vehicle (which, of course includes a motor truck), while in use or operation upon the streets or highways shall be provided with a suitable device for dimming or changing focus, so as "to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers." Any person violating this provision is guilty of a misdemeanor. Code, § 68-9908. This section implies that a duty rests upon the operator of a motor vehicle along a public road to dim the lights, or change the focus, when it is necessary to do so "to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers." While it may be conceded, without deciding, that the failure of the operator of a motor vehicle to dim the lamps or change the focus under such circumstances is not a misdemeanor, and is not negligence per se, a jury may infer that the failure to do so under such conditions would, as a matter of fact, constitute negligence. The object of the statute is to put a duty upon the operator of a motor vehicle along a street or highway to prevent his lights from blinding approach-

ing drivers, and thereby creating a dangerous situation from which injury to person or property might occur from the operation of either vehicle. Whether or not a motor vehicle, while in use or in operation upon a street or highway, is equipped with such described lamps, it may nevertheless be negligent of its driver to operate it under conditions where its lamps throw "dangerously glaring or dazzling rays" into the eyes of the driver of the approaching motor vehicle. Where, as a result of such negligence, the driver of the approaching motor vehicle is blinded, and is unable to see a pedestrian ahead in the road, and by reason thereof runs into the pedestrian, without fault on this driver's part, and the pedestrian is thereby injured, a jury is authorized to find that the driver of the first motor vehicle was negligent in using or operating the motor vehicle at the time and place on the road with its lights shining, as described, and blinding the approaching driver, and that the injury sustained by the pedestrian was proximately caused by the negligence of the operator of the motor vehicle, the lights of which blinded the approaching driver.

10. On the trial of a suit by a person for the recovery of damages for personal injuries alleged to have been sustained by him while crossing a highway as a result of the alleged negligence of the owner of a motor truck in operating it along the highway with "its headlights burning brightly," and without being dimmed, and that the "burning lights blinded the eyes" of the driver of an approaching automobile, "thereby producing and causing" the injuries sustained by the plaintiff, by being run into by the driver of the approaching automobile, where it appears from the evidence that the driver of the defendant's motor truck, while driving in the nighttime in an easterly direction, along a public street or highway, and while another automobile was approaching from the opposite direction, deflected his truck to the left, in front of the approaching automobile, and crossed over to the left side of the highway and there stopped; that at the time the lights on his truck "were burning at full glow" and blinded the driver of the approaching automobile and prevented his seeing the plaintiff, who was in the road ahead of him, in time to have avoided hitting him; that the approaching automobile hit the plaintiff and caused him to sustain severe injuries, such as a broken leg and other injuries, and to be confined in the hospital for a considerable period of time, it was

154

a question of fact for the jury whether the defendant was negligent as respects the lights on its truck, and whether such negligence, together with the negligence per se of the defendant in violating the State law in turning to the left instead of to the right when meeting an approaching vehicle, or whether the acts of the plaintiff constituted the proximate cause of the plaintiff's injuries.

11.   The evidence supports the verdict, and no error appears.

*Judgment affirmed.   Sutton and Felton, JJ., concur.*