### 28837. WHATLEY v. HENRY.

Decided July 16, 1941.   Rehearing denied July 31, 1941.

670

*C. W. Foy, Martin, Martin & Snow,* for plaintiff in error.

*Homer Beeland, T. A. Jacobs Jr.,* contra.

GARDNER, J. Mrs. W. E. Henry brought an action to recover damages for property and personal injuries against Thurmond Whatley, and alleged that the defendant had damaged her in the sum of $25,000, in a collision of their automobiles at night, on the Barnesville-Perry highway, route 7, in Crawford County, by his negligence, in that the defendant (unpleaded, but set up by evidence unobjected to) failed, as he came over a hill and down an incline and approached her, to sound any warning with his horn, and (according to the pleadings and the evidence) failed to dim his lights, but left them on blindingly bright, and blinded her approaching from the opposite direction and driving on her right of the highway, and caused her to swerve her car over into that of the defendant, resulting in a collision, while she was without fault and in the exercise of due care. The defendant denied the allegations of the petition and pleaded that the injuries were caused by the plaintiff's own negligence (but without detailing the acts of negligence). The defendant also pleaded that the personal injuries of the plaintiff, if any there were, sprang not from the collision, but rather from a current, syphilitic malady theretofore dormant, and that the collision had no causal connection with the injuries allegedly sustained. The trial resulted in a judgment for the plaintiff in the sum of $3000, and the defendant moved for a new trial. The court overruled the motion and the defendant excepted and assigned error on the usual general grounds and on eleven special grounds. The assignments are set forth only to the extent required for discussion and determination. The special grounds, on which the general grounds are interrelated and dependent, are discussed first.

■ The court charged the jury as follows: "If you believe that the defendant failed to give any warning by horn or use his signalling device and failed to reduce speed as he came over any incline and started down a descent in the road, and if you find that these acts contributed to the injury, as a proximate cause, and plaintiff while using due care, the plaintiff would be entitled to recover." This, taken with the remaining charge, was proper. The

assignment is without merit that "the failure to have sounded the horn could have in no wise contributed to the accident because the plaintiff testified that she was driving the automobile and saw the lights of defendant's automobile from the moment, it came over the hill and therefore the failure to sound the horn could have had no causal connection whatsoever with the accident." It can not be held as a matter of law, notwithstanding the warning being given to her sense of sight, that factually the plaintiff might not have been aided by the sense of hearing better to determine the line of approach of the defendant's automobile, in order, in split seconds of calculation, to veer to the right and avoid the collision, when she was otherwise being blinded by the lights of the defendant's car. Under the evidence it was a question for the jury to determine whether, under the provisions of the Code, § 68-303(j), the highway was "not clear," and whether, under § 68-306, the defendant was approaching a "descent or other dangerous place" along the highway, when it would be the duty to give the warning of blowing the horn, as required by these sections, and whether such failure was negligence proximately causing the collision. Such negligence would be negligence per se. While this charge of negligence was not set up by the petition, it was nevertheless set up by evidence unobjected to, and the pleadings would have been amendable to allow the evidence. The court, while not required to give, did not err in giving, this charge to the jury. *Rocker* v. *DeLoach*, 178 *Ga*. 480 (2) (173 S. E. 709); *Kelly* v. *Locke*, 57 *Ga. App*. 78, 89 (194 S. E. 595); *Simpson Grocery Co.* v. *Holley*, 51 *Ga. App*. 355, 357 (3) (180 S. E. 501).

■ Error is assigned on the following excerpt from the charge: "I charge you that the statute and the law of this State which requires that every motor vehicle be equipped with suitable device for dimming the lights or changing the focus so as not to have dangerously glaring or dazzling lights which might blind a driver meeting such car, by necessary implication and reasonable intendment means that a person meeting another car should dim his lights so they will not be dangerously glaring and calculated to blind an approaching motorist. So if you find in this case that the defendant did not dim his lights or change the focus to prevent them from being dangerously glaring or dazzling, that the defendant negligently failed to do this so that Mrs. Henry was blinded, and Mrs.

Henry while using due care herself was blinded and a dangerous situation was produced by defendant's negligence, if you find defendant was negligent in this respect, then you would be authorized to find for the plaintiff." The court, having elsewhere in the charge instructed the jury that the proved act or acts of negligence of the defendant must be the proximate cause of the injuries, and that the injuries must be proved, before the plaintiff might recover, did not err in giving the above-quoted charge. Neither was this charge error because, as contended by plaintiff in error, "the court instructed the jury that a failure to dim one's lights constituted negligence, although it is not provided by law that an operator shall dim or change the focus of his lights upon approaching another" car coming from the opposite direction. The Code, § 68-302, provides: "The front lamps [of an automobile] shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers." Under this provision of the Code the quoted excerpt from the charge was proper. The failure so to provide a car with lights would be negligence per se; the failure *to dim* the lights, while negligence, would not be negligence per se, as the requirement to dim is by inference and not by mandate. *American Bakeries Co.* v. *Johnson,* 59 *Ga. App.* 150(9), 152 (200 S. E. 485); *Fender* v. *Drost, 62 Ga. App.* 345, 349 (7 S. E. 2d, 800).

■ Grounds 3 and 4, which complain of overemphasis of contentions of the plaintiff, in that the court failed to charge on the "main contention of the defendant to the effect that [the plaintiff] was on the wrong side of the road and that her negligence in this respect was the proximate cause of the collision," are without merit save only as they are related to this failure to charge, whether meritorious or not, which is the subject-matter of assignment of error under ground 8. This assignment is considered separately. Ground 5 is without merit, and needs no discussion.

■ Ground 6 is lacking in merit. The excerpt from the charge criticized, when considered with the entire charge, was in effect an instruction that the sick or diseased, as well as the healthy, may recover for injuries proximately caused by the negligence of another.

■ Error is assigned in ground 7 on the following excerpt from the charge: "If you find that at that time she had any physical ailment or disease which was incipient and dormant, if you find . . under the rules of law as I have given you in charge as applied to the facts that she received an injury due to the negligence of the defendant, if you find he was negligent, and that injury . . resulted in an aggravation of the disease already pending, if you find she was diseased, the plaintiff would be entitled to recover. Just what amount, gentlemen, is addressed to this jury." This assignment is not meritorious save only to the extent that the court should not have charged "Just what amount, gentlemen, is addressed to this jury," but should have charged "recovery in that case would be to the extent you find the infirmity was aggravated by the injury." *City of Atlanta* v. *Hampton,* 139 *Ga.* 389, 393 (77 S. E. 393). This error will not require a reversal. In charging the jury care should be observed not to restrict the charge to "physical" ailment or disease unless the issues so require. An ailment may be either of the body or mind (*Atlantic & Birmingham Railroad Co.* v. *Douglas,* 119 *Ga.* 658 (2), 46 S. E. 867), and aggravation of the disease may be accordingly.

■ In ground 8 error is assigned on the failure of the court to charge the jury on "the contention of the defendant, namely, that the accident was caused by the act of the plaintiff in not keeping to the right of the center of the highway as her and the defendant's automobiles met, and in connection therewith the rule of law that an operator meeting another vehicle coming from the opposite direction shall turn to the right of the center of the highway so as to pass without interference." Supporting and as a part of this assignment the plaintiff in error contends "that by his answer he pleaded that the accident was solely caused by the negligence of the plaintiff, and that by his proof he showed that the accident was caused solely by the act of the plaintiff in crossing over to the left of the center of the highway as the two automobiles met;" that "even in the absence of a request the issue was so clearly marked that it was the duty of the trial judge to instruct the jury with respect to the operation of the automobile to the left of the center of the highway as it approached another car;" and that the court having charged severally the contentions of the plaintiff, should have charged on this contention of the defendant, and without re-

quest. Succinctly, the defendant contends that under the pleadings and the evidence the issue of contributory negligence by the plaintiff solely causing her injuries was involved, and that the court should have charged, without request, on this contention of the defendant and the law (*Atlanta, Knoxville & Northern Railway Co.* v. *Gardner,* 122 *Ga.* 82 (8), 49 S. E. 818; *Savannah Electric Co.* v. *Fosterling,* 16 *Ga. App.* 196, 201, 84 S. E. 976) applicable thereto, and that the failure so to charge was reversible error.

Before considering this assignment it would be well to observe that there are two classifications of negligence as to the plaintiff, contributory and comparative. Contributory negligence is of two separable, distinct defenses (*Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559, 562, 64 S. E. 680; *Savannah, Florida & Western Ry.* v. *Stewart,* 71 *Ga.* 427 (2)) : first the plaintiff must at all times use ordinary care for his own safety; that is, he must not by his own negligence (or consent) proximately cause his own injuries; and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent. Either or both of these defenses go *in bar* of the right of recovery. Comparative negligence by the plaintiff is that negligence which joins with the negligence of the defendant in proximately causing the injuries of the plaintiff and goes *in reduction* of the *amount of recovery* in proportion that the negligence of the plaintiff compares with that of the defendant, resulting, *by reduction,* in a bar of recovery when the negligence of the plaintiff is equal to or greater than that of the defendant. Comparative negligence is applicable only when the jury has not found either the negligence of the plaintiff or that of the defendant to be the sole proximate cause. In a consideration of these questions see *Lamon* v. *Perry,* 33 *Ga. App.* 248, 252 (125 S. E. 907), and cit.; *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 424 (60 S. E. 1056) ; *Rogers* v. *McKinley,* 48 *Ga. App.* 262, 265 (172 S. E. 662) ; *Georgia Railroad & Banking Co.* v. *Auchinachie,* 142 *Ga.* 513 (4) (83 S. E. 127) ; *Savannah, Florida & Western Railway* v. *Stewart,* supra; *Western & Atlantic Railroad* v. *Bloomingdale,* 74 *Ga.* 604.

The assignment of error in effect characterizes the negligence of the plaintiff as contributory, not comparative, and as being that, not the failure of the plaintiff to use ordinary care to avoid the

negligence of the defendant when it became apparent, or in the exercise of ordinary care it should have become apparent (*Savannah Electric Co.* v. *Jackson,* and *Western & Atlantic Railroad* v. *Bloomingdale,* supra), but that wherein the plaintiff failed to exercise due care for her own safety (*Kirk* v. *Savannah Electric & Power Co.,* 50 *Ga. App.* 468, 471, 178 S. E. 470; *Hopkins* v. *Southern Ry. Co.,* 110 *Ga.* 85, 89, 35 S. E. 307; *Abrams* v. *Waycross,* 114 *Ga.* 712, 40 S. E. 699; *Reed* v. *Southern Railway Co.,* 52 *Ga. App.* 508, 510, 183 S. E. 849), which was the sole, proximate cause of her injuries, on the principle that a plaintiff can not recover for a tort if the injury was caused by his negligence. *Western & Atlantic R. Co.* v. *Jarrett,* 22 *Ga. App.* 313, 319 (96 S. E. 17); *Powell* v. *Berry,* 145 *Ga.* 696, 706 (89 S. E. 753, L. R. A. 1917A, 306); *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409. Then the question presented is whether the court in the absence of a timely, written request, committed reversible error in failing to charge this defense under the issue of contributory negligence.

While contributory negligence is an affirmative defense and must be pleaded unless affirmatively shown by the allegations of the petition (*Watts* v. *Colonial Stages Co.,* 45 *Ga. App.* 115, 119, 163 S. E. 523; *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (2), 124 S. E. 110; *Fuller* v. *Louis Steyerman & Sons Inc.,* 46 *Ga. App.* 830 (2), 169 S. E. 508); and while there is no necessity that the plaintiff negative such negligence (*Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2), 106 S. E. 738; *Sims* v. *Martin,* 33 *Ga. App.* 486 (8), 126 S. E. 872; *Pollard* v. *Hagan,* 60 *Ga. App.* 581, 583, 4 S. E. 2d, 477), yet, where the plaintiff nevertheless pleads the lack of contributory negligence, a denial of such allegations will raise the issue of such negligence. *Western & Atlantic Railroad* v. *Mathis,* 63 *Ga. App.* 172, 175 (10 S. E. 2d, 457).

It is reversible error, when the issue of contributory negligence has been raised by the pleadings and the evidence, for the court in the absence of a timely, written request, to fail to charge on such contention of the defendant and the law (*Atlanta, Knoxville & Northern Railway Co.* v. *Gardner,* supra) applicable thereto (*Southern Cotton-Oil Co.* v. *Caleb,* 143 *Ga.* 585, 85 S. E. 707; *Atlanta, Knoxville & Northern Railway Co.* v. *Gardner,* supra), but the requirement of this principle is no more extensive than the *scope* of the pleadings, beyond which, though there be distinct issues pre-

676

sented by the evidence (*Rocker* v. *DeLoach, Kelly* v. *Locke,* and *Simpson Grocery Co.* v. *Holley,* supra), it is not reversible error to fail to charge in the absence of a timely, written request. The rule is applicable whether one or both defenses under contributory negligence are involved. A collation of decisions of this court and of the Supreme Court discloses that the scope of the pleadings, whether by allegations of the plaintiff negativing his negligence and denied by the defendant, or by affirmative plea of the defendant charging contributory negligence against the plaintiff, is that the issues raised in the pleadings were by "conclusions." "A general allegation of negligence is a mere conclusion." *Western & Atlantic Railroad* v. *Crawford,* 47 *Ga. App.* 591 (2) (170 S. E. 824). In such instances the charge to the jury did not need to be any more specific than the scope of those conclusions, though within the scope a failure to charge was reversible error (provided in all cases there be evidence to support the issue).

It was said in *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner,* supra: "The plaintiff alleged that she drove the buggy in which she was riding, in the exercise of due care; . . the defendant denied this. So, even under the pleadings, the parties were at issue upon the question of due care by the plaintiff in driving upon the railroad crossing at the time that she did." The court held that the court should have charged the law of contributory negligence, whether the plaintiff could have avoided the consequences of the defendant's negligence, and that the failure to charge was reversible error. In *Southern Railway Company* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180), it appeared (as taken from the original record) that the plaintiff alleged that "your petitioner was free from fault or any negligence whatever on her part;" that this allegation the defendant denied, and pleaded that the injuries were caused "through the lack of care and diligence on the part of plaintiff, or by her consent." The court held, page 629: "The defendant's plea and evidence not only made an issue as to defendant's own negligence, but also as to plaintiff's diligence. The law denies a plaintiff the right of recovery not only where her negligence causes the injury, but also where by the exercise of ordinary care she could have avoided the consequences to herself of the defendant's negligence." The court held that the failure of the trial court to charge on contributory negligence was a denial of a substantial right and was rever-

sible error. In *Atlantic Coast Line Railroad Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63), the plaintiff alleged (as taken from the original record) that "his injury could not have been avoided by use of ordinary diligence;" which allegation the defendant denied, and pleaded that the injuries were due entirely to the plaintiff's own negligence, and that by the exercise of ordinary care he could have avoided the alleged acts of negligence of the defendant. The court held, page 300, that "the defense here alluded to was directly involved under the pleadings and the evidence, and it was the duty of the court to give a proper charge thereon;" and that the omission to charge was reversible error. In *Louisville & Nashville Railroad Co.* v. *Ledford*, 142 *Ga.* 770 (83 S. E. 792), the plaintiff alleged (as taken from the original record) that "plaintiff avers that she used all due care on her part to avoid injuries;" which allegations the defendant denied. The court held that the failure to charge on the issue of contributory negligence (failure to use due care to avoid the consequences of the defendant's negligence), which was supported in evidence, was reversible error. In *Seaboard Air-Line Railway* v. *Bostock*, 1 *Ga. App.* 189, 190 (58 S. E. 136), the court held that the trial court committed reversible error in failing to charge on contributory negligence when "the defendant alleged that the injuries complained of were not caused by any negligence on its part, but were caused by the plaintiff's negligence, or arose from one of the risks of the business in which he was engaged; that by the exercise of ordinary care he could have avoided the injuries, and he did not exercise such care."

It will be observed that in these cases the issues under the pleadings were raised by pleas of "conclusions," *without any allegation of fact setting forth distinct issues* on which to base the conclusions; and that in such instances it was nevertheless reversible error to fail to charge on the issues thus raised and supported by the evidence. *The question then arises, when has the court met the requirement to charge when charging on the issues thus made?* We find the answer in the ruling in *Black & White Cab Co.* v. *Smith*, 48 *Ga. App.* 566 (173 S. E. 206). In that case the plaintiff alleged (according to the original record) that "at said time and place petitioner was in the exercise of ordinary care, and by the exercise of ordinary care could not have avoided said collision." The defendant denied this allegation and pleaded that "if the plain-

tiff has been injured . . said injuries were received as the direct result of the plaintiff's negligence, . . plaintiff could have avoided said injuries by the exercise of ordinary care." The court, while holding that "it is error requiring the grant of a new trial for the trial judge to fail to give this principle in charge to the jury," further stated: "The court, however, charged on this point many times [according to the original record, restrictedly within the scope of the issue as pleaded], one instance being as follows: 'If you should believe that the driver of such car was negligent in one or more of the manners alleged in this petition, and if you should further believe that this plaintiff was injured as a result of such act or acts of negligence on the part of the driver of the car, that his injuries were proximately due to such negligence, *and that he could not have avoided that injury to himself by the exercise of ordinary care* [italics retained], then, in that event, the defendant would be liable.' . . If a more detailed statement of this principle was desired, a written request should have been made therefor." Therefore the rule is satisfied when the court tracingly charges within the *scope* of the issue of contributory negligence *as pleaded*.

In the instant case the plaintiff alleged that "at the time of impact, petitioner was in the exercise of all ordinary and reasonable care and diligence;" and that "all of plaintiff's injuries and damage were caused by the negligence of the defendant as alleged, while the plaintiff was in the exercise of due care." The defendant denied this allegation and pleaded that the injuries "were brought about by reason of the negligence of the plaintiff." Interspersed in the entire charge it appears that the court several times charged within the scope of the pleadings as above quoted, and that the court instructed the jury that the defendant contended "that if any injuries resulted to her . . that it was occasioned by her own conduct and her own negligence;" that the court charged the jury that "before she would be entitled to recover you must find . . that she could not have avoided the consequences of the defendant's negligence in the exercise of ordinary care" (which was several times repeated, as related to different parts of the charge) ; and it further appeared that the court charged that the jury should determine certain contentions of negligence against the defendant in the light of the question whether the plaintiff "was using due care"

for her own safety when she received the injuries, also several times repeating this feature of the charge. Accordingly, the court *sufficiently* charged, in the absence of a timely, written request, on the issues restrictedly within the scope of the issues as made by the pleadings (the question of evidence not being involved), and the assignment of error to this extent is without merit.

But the assignment goes further, and to the question whether, when on the issue of contributory negligence as above pleaded a distinct ground was for the first time advanced and supported by the evidence, the court then erred in not stating that contention to the jury and not charging the law applicable thereto. According to the assignment the evidence showed that the plaintiff approached and drove her car on the left of the center of the highway and into the car of the defendant as their cars were meeting on the highway. The defendant contends that such acts were a violation of the statute (Code, § 68-303(c)), were negligence per se, and the sole, proximate cause of the plaintiff's injury, and that to fail to charge thereon was reversible error. This contention was not in the first instance raised specifically under the plea of contributory negligence pleaded as a conclusion, and accordingly was not within the scope as pleaded. The defendant did not plead that the plaintiff approached and drove her car on the left of the center of the highway and into the car of the defendant as their cars were meeting. Therefore the court did not commit reversible error in failing to charge this contention of the defendant and the law applicable thereto. "A general allegation of negligence is a mere conclusion. The conclusion may be wrong, and, therefore, the particular facts relied upon to support the conclusion should be pleaded. It is permissible, however, to set forth the facts, and then conclude that these facts amount to negligence." *Western & Atlantic R. Co.* v. *Crawford,* supra. "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial." *Hennemier* v. *Morris,* 51 *Ga. App.* 760 (181 S. E. 602) ; *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985) ; *Hudson* v. *Carton,* 37 *Ga. App.* 634 (141 S. E. 222) ; *Gardner* v. *Fleetwood,* 39 *Ga. App.* 51 (146

680

S. E. 127) ; *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995) ; *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860) ; *Hewitt* v. *Lamb,* 130 *Ga.* 709 (2) (61 S. E. 716, 14 Ann. Cas. 800). The requirement to charge, as against error, is no greater than that. "Instructions to the jury should be confined to the issues made by the pleadings in the case. . . The failure of the court to give a charge unauthorized by the pleadings in the case was not error." *York* v. *Stonecypher,* 181 *Ga.* 435, 437 (182 S. E. 605).

However, where the pleadings set up not only the bare allegations of negligence by pleading the same as a conclusion, but also include averments of fact which set up in support of the general conclusion distinct issues of negligence (*Georgia Railroad* v. *Thomas,* 68 *Ga.* 744; *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 586, 188 S. E. 566) based on negligence either at common law or by statute, it is reversible error not only to fail to charge on the issue of contributory negligence within the scope of the pleaded *conclusion,* but also to fail to charge on the superadded, factual contentions of negligence contained in the pleadings, together with the law applicable thereto. See *Central Railroad* v. *Harris,* 76 *Ga.* 501, where the defendant set up the defense, and sustained it with evidence, that the plaintiff "attempted to jump from said train when in motion, and from a platform having no steps attached thereto by which to descend to the ground, and having a railing extending around the entire platform to prevent persons from getting on and off the car to which it was attached, at that end." Here was pleaded the defense of contributory negligence in that the plaintiff proximately caused his own injuries, together with the facts on which the defense as a conclusion was based. The court held : "The judgment is reversed solely because the court in the charge ignored the defense set up by the defendant below, that the plaintiff's husband's own negligence—his own rash act—in jumping from the cars killed him." See *Georgia Power Co.* v. *Jones,* supra, where the defendant fully and factually pleaded the issues of contributory negligence and "the court fully charged the jury as to the defenses set up." Also *Western & Atlantic Railroad* v. *Mathis,* supra, for an instance where the defendant detailed the contributory negligence charged against the plaintiff, thereby characterizing it as a distinct, factual issue additional and within the allegation as a conclusion of contributory negligence.

Accordingly, since there was no factual, distinct issue of contributory negligence pleaded in the instant case, although the evidence of the defendant may have set up the issue, the court did not err in failing, without request, to charge on this issue, beyond the scope of the negligence pleaded as a conclusion.

■ In ground 9 the question is presented whether the court erred in failing to hold the witness to be an expert and in excluding the testimony of the witness as such. While the question whether a witness is an expert is addressed to the sound discretion of the court (*Clary* v. *State,* 8 *Ga. App.* 92 (2), 68 S. E. 615; *Hines* v. *Hendricks,* 25 *Ga. App.* 682 (6), 688, 104 S. E. 520; *Williams* v. *McCranie,* 27 *Ga. App.* 693, 109 S. E. 699), it appears that if the court abused his discretion (*Clary* v. *State,* supra) the error was harmless, as it further appears that the opinions or conclusions sought were questions for the jury's determination. *Mars* v. *State,* 163 *Ga.* 43 (7) (135 S. E. 410). While Whatley was defending on the ground that Mrs. Henry was on the wrong side of the road, and that instead of running into her she ran into him, and the witness offered as an expert was in a position as such expert to swear that in his opinion the Henry automobile ran into the Whatley car from the side, such conclusions would have been based clearly on objective facts clearly provable from the conditions of injury of the cars, the markings of injury, and the markings on the road, and therefore inadmissible whether the witness testifying was an expert or nonexpert, and would have been an invasion of the province of the jury. The opinion of any witness, not "on any question of science, skill, trade, or like questions" (Code, § 38-1710) is inadmissible where all the facts are capable of being clearly detailed so that the jury may form correct conclusions therefrom. *Mayor &c. of Milledgeville* v. *Wood,* 114 *Ga.* 370 (2) (40 S. E. 239) ; *Sumner* v. *Sumner,* 118 *Ga.* 590 (2) (45 S. E. 509) ; *Central of Georgia Railway Co.* v. *Goodwin,* 120 *Ga.* 83 (47 S. E. 641, 1 Ann. Cas. 806) ; *Mayor &c. of Macon* v. *Humphries,* 122 *Ga.* 800 (2) (50 S. E. 986) ; *Shaw* v. *Jones,* 133 *Ga.* 446 (2) (66 S. E. 240).

■ Conceding, but not deciding, that scientific, medical knowledge acquired by a physician, not until after the trial in which he testified, that treatment of a patient by metrazol for mental disorders frequently may cause fractures of the vertebra is such a

newly discovered fact as comes within the provisions of the Code, § 70-204, for the grant of a new trial, it does not appear that the motion for new trial based on this ground is complete. There was a failure of the movant to adduce proper affidavits required under the Code, § 70-205, providing that "If the newly-discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Without reference to other defects, it appears that no affidavits as to the associates of the witness were supplied. *Shahan* v. *State,* 36 *Ga. App.* 315 (2) (136 S. E. 798); *Henderson* v. *Maddox,* 40 *Ga. App.* 91 (3) (149 S. E. 59); *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175).

For no reason assigned was it error harmful to the defendant for the court to omit to charge as to the right of the plaintiff to recover for special property damage.

In considering the assignments of error on the general grounds this court must construe the evidence most strongly in favor of the verdict (*Western & Atlantic Railroad* v. *Mathis,* supra; *Martin* v. *Hutchinson,* 26 *Ga. App.* 24 (2), 105 S. E. 313), and in the most favorable light to sustain the verdict (*Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, 714, 39 S. E. 306, 54 L. R. A. 802), and must resolve all conflicts of testimony in favor of the prevailing party (*Western & Atlantic Railroad* v. *Mathis,* supra). The jury was authorized to find that the negligence of the defendant, the failure to blow the horn or dim the lights, either or both, was the proximate cause of the collision and the injuries to the plaintiff; that, notwithstanding evidence that the syphilitic malady pre-existed and was the source of the plaintiff's injuries and suffering, the injuries sustained were directly caused by the collision, or by the collision and consequent aggravation of the malady, if existent; either finding justifying the verdict, and without regard to the question whether the finding was affected by comparative negligence on the part of the plaintiff.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*