### 7108. SEABOARD AIR-LINE RAILWAY *v.* DEVLIN.

BROYLES, J. 1. Under repeated rulings of this court and of the Supreme Court, an assignment of error based on a refusal to grant a nonsuit will not be considered when thereafter the case proceeds to a verdict in favor of the plaintiff, and exception is taken to the overruling of a motion for a new trial which contains the ground that the verdict rendered is contrary to the evidence and without evidence to support it.

2. Under the pleadings and the facts in this case, the court having clearly and distinctly instructed the jury that if the plaintiff was injured by his own negligence, or that if by the exercise of ordinary care he could have avoided the consequences to himself of the defendant's negligence (if the defendant was negligent), he could not recover, it was not error, in the absence of a timely written request for such an instruction, to fail to give in charge the latter part of section 2781 of the Civil Code, which reads: "If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall

be diminished by the jury in proportion to the amount of default attributable to him." *Louisville & Nashville R. Co.* v. *McGarity,* 139 *Ga.* 472 (2) (77 S. E. 630).

3. Under the facts of the case we can not hold that the verdict (for $2,500) is excessive.

4. The remaining grounds of the amendment to the motion for a new trial are merely amplifications of the general grounds that the verdict is contrary to law and the evidence and without evidence to support it.

5. The verdict was authorized by the evidence, and there was no error in refusing a new trial.                              *Judgment affirmed.*

DECIDED JUNE 23, 1916.

Action for damages; from city court of Atlanta—Judge Reid. October 30, 1915.

*W. G. Loving,* for plaintiff in error.

*Norman I. Miller, Hewlett, Dennis & Whitman,* contra.