## 7000.  AUGUSTA-AIKEN RAILWAY AND ELECTRIC CORPORATION *v.* COLLINS.

1. In charging on the doctrine of contributory negligence, the court should instruct the jury to diminish the amount of the damages in proportion to the amount of fault attributable ·to the plaintiff.  The use of the expression that such "fault, or failure to exercise due care and diligence, . . would *authorize* the jury to diminish the damages," etc., is error.  If both parties are at fault, and the plaintiff could not, by the exercise of ordinary care and diligence, have avoided the injury caused by the defendant's negligence, then, notwithstanding the plaintiff may have been to some extent negligent, he would be entitled to recover damages, but the amount of such damages should be diminished by the jury in proportion to the amount of fault attributable to him. It is not discretionary with the jury to diminish the damages in such a case, as the law is mandatory and requires the jury so to do.
2. It is error for the court to instruct the jury as to what is diligence or negligence, except negligence per se.  The question as to diligence or negligence is peculiarly a question for the jury, and for the court to instruct them what the servant of the railway company should do under certain circumstances in the exercise of ordinary care and diligence is an invasion of the province of the jury.  Though the language used be that of a reviewing court, it is improper for the trial judge to employ, in a charge to the jury, language which expresses an opinion as to what is ordinary care and diligence.

DECIDED JUNE 27, 1916.

Action for damages; from city court of Richmond county—Judge W. F. Eve.  September 17, 1915.

A former decision in this case is reported in 13 *Ga. App.* 124 (78 S. E. 944).

*Wright & Wright,* for plaintiff in error, cited, on the points here

ruled upon: (1st) Civil Code (1910), § 2781; *Atlanta &c. Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (5), 89; *Central Railroad* v. *Brinson,* 70 *Ga.* 207, 208; Hopk. Pers. Inj. § 208. (2d) *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (3); *L. & N. R. Co.* v. *Arp,* 136 *Ga.* 491 (3); *L. & N. R. Co.* v. *Biggs,* 141 *Ga.* 562 (3); *Ala. R. Co.* v. *Brown,* 138 *Ga.* 328 (3); *A. C. L. R. Co.* v. *McDonald,* 135 *Ga.* 635 (6); *A. C. L. R. Co.* v. *Waycross Elec. Co.,* 123 *Ga.* 613; *Atlanta &c. R. Co.* v. *Hudson,* 123 *Ga.* 108; *G. S. & F. Ry. Co.* v. *Jones,* 121 *Ga.* 822; *Ins. Co.* v. *Leader,* 121 *Ga.* 260; *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (6); *Cen. Ry. Co.* v. *McKenney,* 116 *Ga.* 13 (2); *Macon Ry. Co.* v. *Vining,* 123 *Ga.* 772; *Ga. R. Co.* v. *Auchinachie,* 142 *Ga.* 518.

*Isaac S. Peebles Jr., Thomas F. Harrison, C. H. & R. S. Cohen,* contra, cited on the points here ruled upon: (1st) *Perry* v. *Macon St. Ry. Co.,* 101 *Ga.* 410; Hopk. Pers. Inj. § 427; Bunyan *v.* Ry. Co., 127 Mo. 12; Louisville Ry. Co. *v.* Wood, 2 Ky. Law Rep. 387 (44 Century Dig., col. 3308); Watson *v.* Ry. Co., 110 N. Y. 677; Werner *v.* Ry., 81 Wis. 368; Bunyan *v.* Ry., 29 S. W. 842; Houston Ry. Co. *v.* Woodlock, 29 S. W. 817; Riley *v.* Ry. Co., 72 Atl. 562; Bectenwald *v.* R. Co., 121 Mo. App. 595; Citizens St. R. Co. *v.* Shepherd, 107 Tenn. 444; Schneider *v.* R. Co., 146 Ala. 344; Anniston Elec. Co. *v.* Rosen, 48 So. 798 McLean *v.* R. Co., 72 Neb. 450. (2d) *Georgia Railroad* v. *Pittman,* 73 *Ga.* 325; *Krogg* v. *Atlanta & West Point R. Co.,* 77 *Ga.* 202; *Atlanta &c. Ry. Co.* v. *Gardner,* supra.

HODGES, J. In this case the railway company was sued for personal injuries, and the jury found a verdict in favor of the plaintiff. The record presents two very serious objections to the charge of the court. In the opinion of this court, the trial judge erred in saying to the jury that they would be "authorized" to diminish the amount of the verdict, in proportion to the amount of the fault attributable to the plaintiff, in the event they found both parties at fault or negligent, and found that the plaintiff could not have avoided by the exercise of ordinary care and diligence the consequences of the negligence of the defendant. This is not the law. In such a case the law *requires* the jury to diminish the amount of damages in proportion to the amount of fault attributable to the plaintiff. Civil Code, § 2781. The court should have instructed the jury that if they believed, from the evidence, that both parties

were at fault, and that the alleged injury was the result of the fault of both, and further found from the evidence that the plaintiff, by the exercise of ordinary care and diligence, could not have avoided the injury caused by the defendant's negligence, then, notwithstanding that the plaintiff might have been to some extent negligent, the plaintiff would be entitled to damages, but the amount should be diminished by the jury in proportion to the amount of fault attributable to the plaintiff; and that the plaintiff could not recover if he was guilty of negligence contributing to the injury, unless it should appear that the negligence of the defendant was the proximate cause of the injury. It will be observed that the learned trial judge used the expression "authorize," whereas the code requires that in such a case the jury *"shall"* diminish the amount of damages in proportion to the amount of fault attributable to the plaintiff.

2. The judge instructed the jury as to the duty of the motorman under certain circumstances. It is error for the court to instruct the jury as to what is diligence or negligence, except negligence which is as a matter of law negligence,—that is, negligence per se. The question as to what is diligence or negligence is peculiarly a question for the jury. In this case the court instructed the jury: "If there is one near the track, or on the track in danger, in an intoxicated condition, or under circumstances that would impress a reasonable man that the party was in no condition to care for himself, or to protect himself, and that he was not going to get out of danger, then it would be his duty to regulate his speed and stop in time not to injure him." This was an expression of an opinion on the part of the court as to what would constitute ordinary care and diligence on the part of the motorman running this car. It was for the jury to say whether or not it was the duty of the motorman "to regulate his speed and stop in time not to injure" the person on the track. In charging a jury it is improper for a trial judge to use language of a reviewing court in discussing a case, if such language expresses an opinion as to what is ordinary care and diligence. *Macon Ry. & Light Co.* v. *Vining,* 123 *Ga.* 770 (2), 772 (51 S. E. 719). Courts of review are not bound by the "dumb law" that restrains the trial judge from the expression of an opinion on a question of fact.

3. The other questions raised by the record in this case are not passed upon, as they probably will not arise in the next trial.

*Judgment reversed.*