DECIDED NOVEMBER 19, 1940.

*Neely, Marshall & Greene, Edgar A. Neely Jr., W. Neal Baird,* for plaintiffs in error.

*Hewlett & Dennis, T. F. Bowden,* contra.

GARDNER, J. This is the second time this case has been brought to this court by the plaintiffs in error, after jury trials, the juries finding the same amount in favor of the defendant in error both times. The pleadings in the appeal now before us are the same as those in the former case, *Southern Railway Co.* v. *DeFoor,* 61 *Ga. App.* 125 (6 S. E. 2d, 69), except that on December 20, 1939, the following amendment was filed: "The plaintiff . . amends her petition . . by adding a new paragraph to said petition to be known as 10½, as follows, . . that at the time in question it was misting rain and the night was exceedingly dark and foggy, and because of the rain, darkness, fog, and the smoke and steam emitted by engines under the shed, the visibility at and about the crossing was poor. By adding to said petition a new paragraph to be known as 14½, . . that said engine was equipped with an angle-cock, accessible to a man riding on the front end, by which the air brakes could be applied as effectively and quickly as by the engineer. By adding to said petition a new paragraph to be known as paragraph 15½, . . that because of the character and use of the crossing and the conditions then existing as aforesaid, ordinary care would demand that no engine be run over the same without having a man on the front end thereof to act as a lookout, and to give signals to the engineer, and to check the speed and stop the engine, if necessary, by applying the air brakes. By adding a new subparagraph to paragraph 20 of the petition to be known as subparagraph (g), as follows: . . in failing to have a man on the front end of the engine to act as a lookout and to regulate the speed and control the movement of same in the event of danger to one lawfully using the crossing." And on February 16, 1940, the plaintiff filed additional amendments, "by striking the figures $110 in paragraph 18, and inserting in

lieu thereof the figures $120; by striking the figures and words $15 per month in said paragraph, and inserting in lieu thereof the words and figures $6 per week; . . by striking from subparagraph (c) of paragraph 20 of the petition the words, 'which was a violation of State law,'" and "by striking the word southern in paragraph 7 of the petition, and substituting in lieu thereof the word northern." The evidence in the former record, as set out in the opinion when this case was here before, is practically the same, except the evidence introduced in support of the above-stated amendments. This evidence supported the allegations made in the amendments.

The plaintiffs in error assign error on the grounds that the evidence does not warrant the verdict as a matter of law, and on seven grounds specifying alleged errors in the court's charge to the jury, and in refusal of requests to charge. After a careful reading of the pleadings and the record of the evidence, we would not deem it necessary to discuss this phase of the case, except for the earnest zeal and plausibility with which counsel for the plaintiffs in error present it. It will be observed, on an examination of the former opinion of this court, that the plaintiffs in error invoked a ruling that the former verdict was influenced by the admission of testimony as follows: "'If I had been on the front footboard of the engine I could have signaled for the engineer to stop;" and, "running at ten miles per hour I could stop our engine in four feet." There was a reversal by this court of the former judgment on this ground; it being argued that the admission of this testimony was erroneous, for the reason that there were no pleadings to justify it. Before the trial now under consideration, the plaintiff amended the petition by adding subparagraph (g) of paragraph 4 of her amendment of December 20, 1939, as set out above. The evidence was substantially the same on this allegation; so it would seem that the plaintiffs in error having invoked the ruling while asking for a reversal, and this court having granted it, further consideration of this point as error is precluded. This was an allegation of negligence particularly appertaining to the railroad company; and, without discussing the other allegations of negligence against the railroad company, or the evidence in support thereof, they were sufficient to warrant the jury in returning the verdict as to the railroad company.

With reference to the allegations of negligence against the engineer Cannon, it is alleged in the petition, section (b) of paragraph 20: "In driving said engine over said crossing at the great, rapid, and reckless rate of speed aforesaid, having in view the character of the locality and the use thereof," in connection with paragraph 1 of the amendment of December 20, 1939, adding a new paragraph, 10½, to the petition: "That at the time in question it was misting rain and the night was exceedingly dark and foggy, and because of the rain, darkness, fog, and the smoke and steam emitted by engines under the shed, the visibility at and about the crossing was poor." Both the allegations and the proof as to the negligence of the engineer sustained the verdict in the particulars above specified, to say nothing of other allegations of negligence against him and the evidence in support thereof. Without going into a further detailed discussion of the allegations of negligence as to the defendants and the proofs submitted thereon, we are convinced that the evidence as above particularized, together with the evidence on other allegations of the petition, supported the verdict, and that the court did not err in overruling the general grounds of the motion for new trial.

We come next to discuss the special grounds. In order to compare the charge of the court as a whole to the exceptions taken, it seems necessary to quote the charge with reference to negligence. The judge charged:

"'This case being based by the plaintiff upon the alleged negligence of the defendants, it becomes necessary to instruct you as to what the law means by negligence. Negligence means simply the absence of or failure to exercise the degree of care required by the law to be exercised. In other words, negligence is the absence of or failure to exercise required care. Now, in this case, the law requires of the defendants that they be in the exercise of ordinary care in so far as the particulars charged in the plaintiff's pleadings are concerned; and the definition of ordinary care, gentlemen, is just that care which every prudent person would exercise under the same or similar circumstances. And with this definition it becomes a question of fact for you to say whether the defendant exercised ordinary care in so far as the particulars charged are concerned, or whether the defendants were guilty of negligence in so far as the particulars charged are concerned, or either of them.

And your method would be, confining yourselves to the allegations of the plaintiff's pleadings in which she charges negligence, to determine whether, in so far as these allegations or either of them are concerned, the defendants were guilty of negligence. You would take into consideration all the evidence in the case that would illustrate this question to your minds; the time, the place, the surroundings, in fact all that occurred as shown to you by the evidence, and then say for yourselves whether the defendants were or were not guilty of negligence in so far as the particulars charged are concerned, or either of them. As to all of the acts and omissions as charged by the plaintiff and against the defendants as being negligence, I charge you that unless the negligent acts were the proximate cause of the injury, they would not be considered by you in this case; for the only negligence—if there was such negligence—that would be considered by you would be such negligence as you may believe from the evidence to have been the proximate cause of the injury to the deceased. I charge you that it is charged in the plaintiff's petition that the negligence of the defendants was joint and concurrent and co-operative, and was the direct proximate cause of the death of the deceased. I therefore charge you that as the acts of negligence charged are acts of negligence against Can B. Cannon, and in considering this case you can consider only the negligence of the defendant, Can B. Cannon, as charged in the petition; and that no legal verdict could be rendered against the railroad company unless you believed from the evidence that Can B. Cannon was guilty of some one or more of the acts of negligence charged in the petition as amended. You would not be authorized to go outside of those allegations of negligence and inquire if the railroad company was negligent by or through any of its agents or servants other than the defendant Can B. Cannon. I charge you that although this suit is brought by Mrs. Birda A. DeFoor, the widow of the deceased, Hewlett E. DeFoor, the jury is under the duty to consider the case solely and entirely from the standpoint of the relative conduct of Hewlett E. DeFoor, the deceased, and of the defendants. In other words, when you come to consider the case you will consider it just as if the deceased, Hewlett E. DeFoor, was living, and was suing for injuries which he sustained. And I charge you that the law of the State provides that no person shall recover damages against a railroad

company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence.

"I therefore charge you that if you should believe from the evidence that the negligence of Hewlett E. DeFoor, if any, was the proximate and producing cause of his injury, his widow, Mrs. DeFoor, the plaintiff in this case, could not recover, and it would be your duty to find a verdict for the defendants. I charge you further that one going upon a railroad crossing is bound not only to exercise care to avoid injury or avoid danger, but also to use ordinary care to discover the approach of danger and avoid it. The law puts upon the plaintiff, and therefore in this case it puts upon the deceased, the duty of being in the exercise of ordinary care to protect himself against any negligence that may have existed, at the time of the alleged occurrence, on the part of the defendants; and ordinary care in that connection is the same kind as before given you, namely, just that degree of care which every prudent person would exercise under the same or similar circumstances. If the decedent could have, by the exercise of ordinary care, avoided the consequences to himself of the defendants' negligence, if there was such negligence, the plaintiff would not be entitled to recover in this case. If, however, in considering the issues to this point, you should conclude, by a preponderance of the evidence and the rules I have given you, that the defendants were negligent, and that such negligence was the proximate cause of the injury to the deceased, and you should further find that the deceased was negligent, but that his negligence was not such that he was guilty of lack of ordinary care under the circumstances, then it would be your duty to compare the negligence of the deceased with the negligence of the defendants, if any; and if you should find that the deceased at the time of this occurrence was not in the exercise of ordinary care, I charge you that the plaintiff would not be entitled to recover in this case under those circumstances, and you would return a verdict for the defendants. I charge you, however, that if you believe the defendants were negligent to some extent, and you also believe the deceased was negligent to an equal or greater extent, the plaintiff could not recover in this case, and under those circumstances it would be your duty to find a verdict in favor of the defendants. I charge you further that if you believe the deceased and the defendants were both negligent, and the negligence of the deceased

was in less degree than the negligence of the defendants, and if the negligence of the deceased did not amount to lack of ordinary care for his own safety, then the plaintiff could nevertheless recover; but I charge you that the award, if any, would be diminished in proportion to the amount of negligence which you would attribute to the deceased."

The first special assignment of error is abandoned. The second complains of the court's refusal of a request to charge the following: "I charge you . . that it is contended on behalf of the defendants, Southern Railway Company and Can B. Cannon, that the decedent, Hewlett E. DeFoor, by the exercise of ordinary care could have avoided the consequences to himself of any negligence on the part of the defendants or either of them. Bearing in mind . . that you are to consider the conduct of the deceased, Hewlett E. DeFoor, in its relationship to the conduct of the defendants, I charge you . . that the law of the State of Georgia declares that 'If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence he is not entitled to recover.' As applied to this case . . this statute means that no matter how negligent the defendants may have been, if the decedent, Hewlett E. DeFoor, by the exercise of ordinary care could have avoided the consequences to himself of that negligence, if it existed, then his widow, Birda A. DeFoor, the plaintiff in this case, could not recover, and it would be your duty to find a verdict in favor of the defendants." The request is argumentative, the principle is correct in the general charge, and the assignment is without merit.

In the third and fourth assignments of error, considered together, plaintiffs in error complain of the charge of the court in dealing with the principle of comparative negligence. The court charged in substance that if both the deceased and the defendants were negligent, but that the deceased was negligent in a less degree than the defendants, and the negligence of the deceased did not amount to lack of ordinary care for his own safety, "then the plaintiff could nevertheless recover, but I charge you that the award, if any, would be diminished in proportion to the amount of negligence which you would attribute to the deceased." Counsel contends that the words, "would be diminished" is equivalent to "would authorize the jury to diminish" damages. This court held, in

*Augusta-Aiken Railway &c. Corporation* v. *Collins,* 18 *Ga. App.* 303 (89 S. E. 444), that it was error for the court to charge in such connection the words, "would authorize the jury to diminish the damages," but we think there is a wide distinction between what the court here charged and the words quoted which were held erroneous. While verbal inaccuracies should not be approved, at the same time, in our opinion, the jury in this case were not misled by the charge of the court. These assignments, when so considered, are without merit.

The fifth assignment of error complains of the refusal of the court to give the following requested charge: "We come now to consider what is known under the law of the State of Georgia as the doctrine of comparative negligence. Under this doctrine the jury is under a duty to compare the conduct of the deceased, Hewlett E. DeFoor, with the conduct of the defendants under all the circumstances and surroundings as they existed at the time of the fatal injury to the said Hewlett E. DeFoor; and if you should find from the evidence that both Hewlett E. DeFoor, the deceased husband of the plaintiff, and the defendants were negligent, then you will go forward and determine which, if either, in your opinion was guilty of the greater negligence. If you should find from the evidence that the plaintiff's deceased husband, Hewlett E. DeFoor, was negligent, and you should also find from the evidence that the defendants were negligent, and should further find that the negligence of Hewlett E. DeFoor under all the circumstances and surroundings was greater than the negligence of the defendants, the plaintiff in this case, the widow of the deceased, could not recover, and it would be your duty to find a verdict in favor of the defendants. If you should find from the evidence that the plaintiff's deceased husband, Hewlett E. DeFoor, was negligent, and you should further find that the defendants were also negligent, and should find that the negligence of the plaintiff's deceased husband was equal to the negligence of the defendants, if any, the plaintiff, Mrs. Birda A. DeFoor, could not recover, and it would be your duty to find a verdict in favor of the defendants. I charge you further that the plaintiff in this case, Mrs. Birda A. DeFoor, could not recover under this comparative-negligence doctrine where both the plaintiff's deceased husband, Hewlett E. DeFoor, and the defendants were negligent, unless you should further believe from

the evidence that the negligence of the defendants exceeded the negligence of the plaintiff's deceased husband (and further should believe that the said Hewlett E. DeFoor could not have avoided the consequences to himself of any negligence on the part of the defendants), unless you should believe that the negligence of the defendants exceeded the negligence, if any, on the part of the plaintiff's deceased husband, in which event the plaintiff would be entitled to recover but would not be entitled to recover full damages, but the damages which she would otherwise be entitled to recover in the absence of any negligence on the part of her deceased husband must be diminished in proportion to the amount of fault attributable to the plaintiff's deceased husband, in the relationship of that fault, if any, to the fault, if any, attributable to the defendants." The request, if not argumentative, was covered by the general charge, and the court did not err in refusing it.

The sixth assignment of error complains of the court's refusal to charge, as requested, the following: "I charge you, that if you believe that a preponderance of the evidence fails to show that the defendants were more negligent in the matter which caused the fatal injury to plaintiff's deceased husband, Hewlett E. DeFoor, than was Hewlett E. DeFoor, then you should find for the defendants." This principle was well covered in the general charge, and the court did not err in refusing to charge as requested.

The seventh assignment of error complains of the court's refusal to charge, as requested, the following: "I charge you that the charge concerning the duty resting upon Mr. Hewlett E. DeFoor to avoid the consequences to himself of any negligence on the part of the defendants, the failure to do which, as stated to you, would prevent a recovery by his widow, Birda A. DeFoor, must not be confused with the charge of the court upon the doctrine of comparative negligence which has been or will be given you in charge, since it makes no difference how negligent the defendants may have been if you should find from the evidence that Mr. DeFoor in the exercise of ordinary care, taking into consideration the circumstances of his employment and his duties, could have avoided the consequences to himself of any negligence on the part of the defendants, if there was such; and if you find that he could have done so, then his widow, the plaintiff, Mrs. Birda A. DeFoor, could not recover, and it would be your duty to find a verdict in favor of

the defendants." This principle was likewise covered fully when the charge is taken as a whole. The court did not err in refusing to charge the request.

We have read all of the assignments of error carefully and have compared each of them with the charge of the court. We find no error which would warrant a reversal.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*