31218, 31223.   McLENDON *v.* BEDINGFIELD; *and vice versa.*

Decided April 25, 1946.

Isaac S. Peebles Jr., for plaintiff.

Hammond, Kennedy & Yow, Pierce Brothers, for defendant.

FELTON, J. 1. In grounds 4 and 5 of the amended motion for new trial, the plaintiff in error complains of charges of the court to the effect that, if the jury believed that the plaintiff had established his case by the legal standard stated by the court, then the plaintiff "can" recover damages. The complaint is that the charges in effect told the jury that they had a right to find for the plaintiff if he proved his case, but that they were not in duty bound to do so, and could find a verdict for the defendant in error even if they found facts which would entitle the plaintiff to a verdict. We do not think that the charges were so construed by the jury or that they could be reasonably so construed. The court simply meant by the word "can" that the plaintiff "would be entitled" to recover, or "would have a right" to recover. The court could assume that the jury would do its duty. The charge is not susceptible to the construction that the jury was merely "authorized" to find for the plaintiff if his case was proved, and the case of *Augusta-Aiken Ry. & Electric Corp.* v. *Collins,* 18 *Ga. App.* 303-5 (89 S. E. 444), is distinguishable. Furthermore, at the conclusion of the charge, the court stated: "So, gentlemen of the jury, I will repeat, if you find that the plaintiff has established his case by a preponderance of the evidence, and that the defendant was negligent in one or more of the ways set out in this petition and proven, if it has been proven, and you further believe that was the proximate cause of the injury, then your verdict *would be* for the plaintiff in such an amount as you find he should have, based on those elements that I have given you in charge—elements of damage. On the other hand, gentlemen of the jury, if you believe that he has not carried and established his case by a preponderance of the evidence, then your verdict would be for the defendant. In the event you found that the defendant was negligent in one or more of the ways charged but that that negligence was not the proximate cause of the injury,

then you would find for the defendant." We do not think that the charge was harmful to the plaintiff.

2. The only other exception insisted on is to the following instruction: "If you find, gentlemen of the jury, that the happening took place in some other way than that charged in this petition, then the plaintiff cannot recover." The contention of the plaintiff in error is as follows: "The error then and there and now urged being that, in order for the plaintiff to recover, it would be necessary for the plaintiff to establish verbatim the allegations of his petition; that is, that the defendant was traveling or driving his car at least 35 miles per hour in violation of subparagraph (e) of section 96 of the City Code of Augusta; that he violated the provisions of section 45 of the City Code of Augusta, and that he negligently swung around the traffic and failed to have his automobile under control. If the jury believed all of the acts of negligence, except the allegation, 'that he negligently swung around the traffic so stopped,' the plaintiff would be entitled to recover; but under the charge of the court, 'if the happening took place in some other way than that charged in this petition,' the plaintiff would not be entitled to recover. Instead of using this language, the court should have charged the plaintiff would not recover unless he proved one of the acts of negligence alleged in the petition and the jury believed such act of negligence was the proximate cause of the injuries. The language of the charge as given held the plaintiff to strict proof of all of the acts of negligence. If the defendant did not swing around traffic, then the happening took place in some other way than that charged in the petition; and yet, if he did not swing around traffic, if he was guilty of one or more of the other acts of negligence and the same was the proximate cause of the injuries, he would nevertheless be liable despite the happening did not occur as exactly alleged in the petition, in that he did not swing around traffic." There is no merit in this exception. Technically, the language is incorrect, but when we take the contentions of the parties and the charge as a whole, it was not harmful. The plaintiff contended and offered evidence to prove that the defendant was negligent in every particular alleged, and that this negligence was the proximate cause of the injury. The defendant contended and offered evidence to prove that nothing he did was the proxi-

mate cause of the injury; that another automobile hit the plaintiff and knocked him into the side of the defendant's automobile. The plaintiff's evidence tended to show that the defendant's car alone struck the defendant and was solely responsible for the injury. In the light of these facts, it is not probable that the jury understood the charge to have the meaning attributed to it by the plaintiff in error. Furthermore, the judge charged the jury elsewhere exactly as the plaintiff in error says he should have, and at the end of his charge made a statement which undoubtedly cleared up whatever uncertainty, if any, existed in the jury's minds. He stated at the close of the charge: "I charge you, gentlemen of the jury, if you should find that the plaintiff was injured in another way by somebody else hitting him and in the way the defendant claims it happened, then you would find for the defendant."

The court did not err in overruling the motion for new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Sutton, P. J., and Parker, J., concur.*