## 34676. McCowen v. Aldred.

Gardner, P. J. 1. The record in this case presents the second trial in the lower court and the second appearance of this case here. See *McCowen* v. *Aldred,* 85 *Ga. App.* 373 (69 S. E. 2d 660). When the case was here before, this court fully discussed the question of partnership as applied to the facts in this case. The case was reversed and remanded for a second trial on allegedly newly discovered evidence on behalf of the plaintiff in error, McCowen (hereinafter called the plaintiff). The evidence in the main is not materially different here from what it was on the first trial. There is enlargement of the evidence pro and con as to both parties. The record now before us constitutes 373 pages. We see nothing to be gained by detailing the evidence and making the various applications of the facts to the law as contended by either party. Suffice it to say that, under the law which this court called attention to when the case was here before, considering the allegedly newly discovered evidence for the reception of which before another jury the case was remanded for another trial, no reversal is indicated now. The jury under the evidence on the first trial found in favor of the defendant. Likewise, in the case before us now the verdict was for the defendant. The plaintiff in the court below, now the plaintiff in error here, again assigns error on the general grounds. The evidence was sharply conflicting throughout. This court did not pass on the general grounds when the case made its former appearance before the Court of Appeals. The jury found in favor of the defendant on the issue of partnership or no partnership. The evidence supports this verdict to the effect that no partnership existed between the parties. We might briefly state that the jury were authorized to find that the plaintiff assumed no liability or was subjected to no risk or losses and was to receive as a wage for his activities a part of the profit, and further that he received approximately $75,000 and left of his own accord the construction job on which he was working. The jury felt that this amount he had received fully compensated him for his activities, even though the defendant received more, and even though there was no specific agreement between the plaintiff and the defendant as to what portion of the profit the plaintiff should receive. All these are jury questions and were resolved against the plaintiff insofar as the general grounds are concerned. The assignments of error as to the general grounds are without merit.

2. (a) As to the special grounds—special ground 1 assigns error because the court refused to require the defendant, on cross-examination, to state the amount of money he received from the Charleston construction job. The only issue in this case was partnership or no partnership. The defendant contended in his defense and all along that there was no partnership, and that what he received on the Charleston job, in which the plaintiff was not a partner, would not illustrate the issue. We think that the court took the right view. We cannot conceive that, where such issue alone was involved on a plea in abatement, what the defendant received or as to that matter, what the plaintiff received, would throw any light upon such issue. Of course, if the plaintiff had pre-

vailed, then and then only would it be legitimate, from our view, to go into the question of what the defendant received. The court did not err in its ruling on special ground 1.

(b) Special ground 2 assigns error on the ground that the court permitted the answer of the defendant to go out with the jury along with the petition and plea in abatement. The record does not reveal how the answer of the defendant in the main case was sent out with the jury. The record does not reveal any objection on the part of the plaintiff. It is the general practice in this State that counsel making the concluding argument, either by himself or with assistance of counsel on the other side, furnish the essential papers to the jury. There is nothing in this record to show that one of the counsel for the plaintiff did not conclude the argument and furnish the papers to the jury. Under the full charge of the court as to the issue before the jury, we can discern no harm to the plaintiff under this assignment of error.

(c) Special ground 3 complains because the court stated in its charge: "You will have out with you the petition and answer and plea in abatement, and you may refer to these as often as you see fit to ascertain in more detail the contention of the parties, the plaintiff and the defendant." It would seem that, if the attorney for the plaintiff did not desire the answer of the plaintiff to go out with the petition and plea in abatement, upon which the court charged, counsel would have called this to the attention of the court. This was not done so far as this record reveals. So the conclusion is inescapable that the plaintiff is as much to blame for the answer being sent out with the jury as is the defendant or the court. The court charged fully upon the issue which was before the jury. We will not give all of the charge as to the issue, but we will quote a brief excerpt upon this particular assignment of error, which we think eliminates any possibility of error under this assignment. This excerpt is : "Now, this special plea in abatement is what you are to pass upon and determine from the evidence in this case, both oral and documentary, whether or not there was a partnership between the plaintiff and the defendant in this particular enterprise at Charleston, South Carolina. You are to decide from the evidence in this case and the law as given you in charge as to whether or not there was a partnership as to the Charleston, South Carolina, job." The assignments of error in this special ground show no reversible error.

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

Decided September 23, 1953.

*Neville & Neville, Carlisle & Bootle, Benjamin R. Martin, Jr.,* for plaintiff in error.

*Fred T. Lanier, Robert S. Lanier,* contra.