35232. GRIGGS *v.* HOLLOWAY.
35233. GRIGGS *v.* HOLLOWAY *et al.*

DECIDED DECEMBER 3, 1954—REHEARING DENIED DECEMBER 17, 1954.

*Garland & Alaimo,* for plaintiff in error.

*Arnold & Gambrell, Woodruff, Swift & Stephens,* contra.

NICHOLS, J. ■ The first special ground of each motion complains of the following charge of the court: "I further charge you that if you find from the relative positions of the ap-

proaching automobiles, their relative speeds, and other attending circumstances in these cases, that the driver of the automobile on the left could not reasonably have apprehended a collision would occur unless he yielded the right of way, it would be a question for you to determine as to which party had the right of way." It is contended that this charge was calculated to instruct the jury as to the circumstances under which the plaintiff might have had the right of way at the intersection, and that the charge was inapplicable because there was no evidence on which the jury could have found that Holloway had the right of way, since, being himself negligent in several respects, he was bound to anticipate that the defendant might also be negligent, and hence was bound to apprehend that a collision would occur, under the rule stated in *Central R. & Bkg. Co.* v. *Smith,* 78 *Ga.* 694 (4) (3 S. E. 397). In effect, this is a contention that, as a matter of law, the plaintiff failed to exercise ordinary care for his own safety, and so could not have been said to have had the right of way under any view of the evidence.

Assuming that Holloway was negligent in driving at 30 miles per hour in violation of an applicable ordinance, in failing to reduce his speed at the intersection, and in failing to keep a proper lookout, the jury might also have found, according to the plaintiff's proof, that the defendant's driver accelerated downgrade from a stop about 100 yards away from the intersection, attained a speed estimated at from 40 to 50 miles per hour, and went into the intersection without reducing her speed, although her view to the left was obstructed. Does it appear that the plaintiff failed to exercise ordinary care for his own safety? Did the defendant's driver relinquish her right of way by approaching the intersection at an excessive speed? The evidence is such that reasonable men might give different answers to these questions, and the jury was authorized to find that, in view of all the circumstances, the defendant's vehicle did not have the right of way, and that the plaintiff, although in some degree negligent, was not thereby bound to anticipate the existence of the defendant's negligence. Such questions are ordinarily for the jury's consideration. *Smith* v. *American Oil Co.,* 77 *Ga. App.* 463, 492 (2 a), 499 (2 d) (49 S. E. 2d 90). The charge complained of was adjusted to the evidence.

■ The second special ground complains that the court erred in failing to charge, without request, that the Code requires the operator of a motor vehicle to reduce speed at highway intersections. The court gave the following charge: "The defendant contends further that Prince William Holloway was in violation of the law in the operation of his automobile at said time and place in at least three particulars: . . . (3) that as the said Prince William Holloway approached the said intersection of Griffin and Kennedy Streets at said speed of 30 miles per hour he did not stop or reduce the speed of the automobile he was driving as required by law."

"The requirement of the court to charge the jury, in the absence of a timely, written request, is, as against error, no greater than that 'instructions to the jury should be confined to the issues made by the pleadings in the case.'" *Whatley* v. *Henry,* 65 *Ga. App.* 668 (6) (16 S. E. 2d 214). The contention stated by the court in the excerpt above quoted was not made in the pleadings, and the court's instruction to the jury in this respect was sufficient.

■ In the third special ground, complaint is made of the charge that any negligence of the plaintiff—if less than the defendant's negligence, and if the plaintiff could not have avoided the consequences of the defendant's negligence—"would not prevent a recovery of damages in the case but would authorize a reduced recovery of damages in favor of the plaintiff, and in your verdict you would reduce the amount of damage which would otherwise have been awarded in proportion to the amount of default attributable to the plaintiff in this case." The defendant contends that the charge was erroneous because the jury was thereby authorized, but not required, to reduce the plaintiff's damages under the stated circumstances.

However, the court was primarily instructing as to a recovery of damages by the plaintiff, and stated first that, under certain findings, such a recovery would be authorized and not precluded. It would probably have been error for the judge to have charged, as contended, that a "reduced recovery of damages in favor of the plaintiff" would be *required*, although the plaintiff was negligent in a lesser degree than was the defendant, etc. The further instruction given, that "in your verdict you would reduce the

amount of damage . . ," sufficiently presented to the jury the imperative requirement that, if a verdict was reached in favor of the plaintiff, the damages should be reduced in proportion to the fault attributable to the plaintiff.

In *Augusta-Aiken Ry. &c. Corp.* v. *Collins*, 18 *Ga. App.* 303 (1) (89 S. E. 444), and *Atlanta, Knoxville &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (5) (49 S. E. 818), charges were held erroneous which merely authorized the jury to reduce damages after finding that the plaintiff, although negligent, was entitled to recover. The charge here complained of authorized and permitted a "reduced recovery of damages in favor of the plaintiff," but required the reduction of damages to be made if the jury found that the plaintiff was authorized or entitled to recover. This charge was not erroneous for any reason assigned.

The defendant contends, in support of the general grounds of each motion for new trial, and in support of the fourth ground of the amended motion in the suit for the value of the wife-and-mother's life, that the verdict was contrary to law and the evidence because the evidence demanded a finding that Prince W. Holloway was negligent in violating a city traffic ordinance limiting speed to 25 miles per hour (Holloway testified "I was driving around 25 to 30 miles an hour.") ; in failing to reduce his speed at the intersection, in violation of Code § 68-303 (i) (He testified "I did not change my speed before the collision.") ; in violating Code § 68-303 (j) by failing to sound his horn where the view of an intersecting highway was obstructed (There was no evidence that he did.) ; and in violating Code § 68-303 (g) by failing to yield the right of way to the defendant's vehicle, on the right; and yet the jury did not reduce the plaintiff's damages in proportion to the fault attributable to him. The court charged the jury that, if the plaintiff father was guilty of negligence contributing to his wife's death, to a lesser degree than the defendant, and where the plaintiff father could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care, then the jury should return separate verdicts for the plaintiffs—the verdict for the child to be one-half of the present cash value of its mother's life, and the verdict for the father and husband to be the other half of such value, reduced in proportion to the fault attributable to him. (See *Happy*

*Valley Farms* v. *Wilson*, 192 *Ga.* 830, 16 S. E. 2d 720). But the jury did not do this; the verdict was for both plaintiffs together in a lump sum.

Although it may be true that the plaintiff father was negligent as a matter of law, we do not think that the jury was also bound to find that such negligence contributed as a concurrent, proximate cause of the damages sustained. Whether Holloway was proceeding at 30 miles per hour or at 25 miles per hour, whether or not he reduced his speed or sounded his horn at the intersection, may have had little or nothing to do with the ensuing collision. The jury was authorized to find that the plaintiff father's conduct was not a contributing cause of the collision and damage. In the first division of this opinion, we dealt with the question of right of way, and with the evidence of the defendant's negligence. The verdicts were not contrary to law and the evidence, and the court did not err in denying the motions for new trial.

This case is considered by the whole court since a judge of the division to which the case was assigned dissents.

*Judgments affirmed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, C. J., dissenting. I dissent from the ruling in division four of the opinion and from the judgment of affirmance. I think the evidence demands a finding that Prince Holloway was negligent in some appreciable degree, and that his damages should have been reduced in some amount. In an ordinary case it probably could not be determined whether a jury apportioned damages or not, but in this case it is determinable under the facts and the court's charge, as shown in division four of the opinion. The jury did not apportion Prince Holloway's damages which they were required to do under the charge. This finding, under the charge of the court, means that the jury did not find that Prince Holloway was negligent or that, if he was negligent, his negligence did not contribute to the collision. There was uncontradicted evidence that Prince Holloway admitted that he was driving at 30 miles per hour. He himself also testified that "I was down to police court the 25th of September [1951], which is a lot closer to the day of the collision than this day I am here before the jury, and I had a better recollection of

what happened at that time out there than I have now and it was fresher in my mind. In police court . . . I said I was driving 30 miles per hour." If Prince Holloway had not been negligent at all, his operating the car was a contributing proximate cause of the collision. I think that fact is irrefutable. If it were not a contributing cause, there would have been no collision. However, if Prince Holloway had not been negligent in any way, his contribution to the collision would not have penalized him, since negligence on his part alone would attach legal consequences to him. Since it is indisputable that Prince Holloway's speed contributed to the collision, and the evidence demands a finding that his speed was negligent operation, and since the jury did not reduce Prince Holloway's damages in proportion to his negligence, as it was required to do under the facts and charge of the court, the verdict is erroneous and a new trial should be granted.