## 47046.   CAGLE v. ATCHLEY.

ARGUED APRIL 7, 1972—DECIDED NOVEMBER 6, 1972—
REHEARING DENIED DECEMBER 1, 1972—

*J. M. Grubbs, Jr., Adele Platt,* for appellant.

*Heyman & Sizemore, Thomas Henry Nickerson,* for appellee.

QUILLIAN, Judge. ■ The defendant contends that a portion of the trial judge's instructions to the jury was incorrect and that an erroneous word was used which served to misstate the law.

Pursuant to *Code Ann.* § 6-805 (f) (Ga. L. 1965, pp. 18, 24), the trial judge and court reporter have certified to this court that the transcript is incorrect in that the trial judge actually used the word "cases" instead of the word "words" as is stated in the transcript. As corrected the charge is taken verbatim from *Code* § 105-603 and thus was not erroneous as a matter of law.

It is further urged that the trial judge should have gone further and given a complete charge on comparative negligence. However, the defendant did not make a request to

charge in this regard. It is well settled that a correct and applicable instruction is not error merely because of the failure of the court to amplify such instruction. If further and more detailed instructions were required, a timely request should have been submitted. *Seaboard A.-L. R. v. Devlin,* 18 Ga. App. 271 (2) (89 SE 378); *Kerns v. Crawford,* 51 Ga. App. 158 (3) (179 SE 854); *Motor Convoy v. Moore,* 92 Ga. App. 551, 556 (88 SE2d 727); *Malone v. City of Rossville,* 107 Ga. App. 271 (3) (129 SE2d 563); *Mitchell v. Gay,* 111 Ga. App. 867 (1) (143 SE2d 568).

This is especially true where as here the charge which the defendant contends is incomplete was given in response to his own request.

Enumerations of error 1 and 2 are without merit.

■ It is urged that the trial judge erred in allowing the plaintiff's petition to go out with the jury since the petition contained specifications of damages to the plaintiff's automobile, which damages it is contended were not supported by any evidence.

It is well settled that a trial judge does not commit error by reading the plaintiff's contentions as set forth in his petition even where such contentions are not supported by competent evidence. *Limbert v. Bishop,* 96 Ga. App. 652, 653 (2) (101 SE2d 148); *Ledbetter Bros. v. Holmes,* 122 Ga. App. 514, 515 (177 SE2d 824). Here the trial judge neither read the specifications in question nor made a charge with regard to the amount sought to be recovered for damages to the plaintiff's automobile. In the absence of a timely objection, it was not error to submit the plaintiff's petition to the jury. *McCowen v. Aldred,* 88 Ga. App. 788 (2b) (78 SE2d 66); *Hudson v. Hudson,* 90 Ga. 581, 589 (16 SE 349); *Rowell v. Rowell,* 209 Ga. 572 (2) (74 SE2d 833).

Enumeration of error 8 does not show error.

■ The plaintiff's petition sought to recover as special damages for "lost time—19 days at $3.50 an hour (7/2/70 to 7/22/70)" in the amount of $392. During the trial of the case the plaintiff testified that he was absent from work from July 2 to July 21, 1970; that he missed nineteen 8-hour days. In response to the question "multiply it out by

what you make per hour, what does that come to," he replied "three dollars and fifty cents an hour, around $390." The trial judge charged the jury: "If you find that the plaintiff suffered a financial loss by being away from his usual occupation and means of livelihood for any period shown to you by the evidence, and you should find that he is otherwise entitled to recover, you may award to him as damages such loss of earnings as you find he actually suffered in this case." He then subsequently recharged the jury in greater detail with regard to lost wages, setting out that the jury was to be guided by the amount and the length of time he was out of employment. He further charged that if the plaintiff actually lost time from employment and if the evidence showed his rate of pay during the period of lost time and the amount of time he lost, then that sum of money should be awarded in his favor.

The defendant contends that there was no evidence of loss of earnings; that the court confused loss of earnings and lost time; that lost time is properly included in general damages and that the only measure of such damages is the enlightened conscience of impartial jurors. The defendant also contends that the court erred in twice charging in this regard; however, this objection was not made in the lower court and will not be considered here. *Pirkle v. Widener,* 119 Ga. App. 401 (2) (167 SE2d 407).

As set out in the statement of fact the plaintiff showed the number of days he missed from work and what his wages were. Defendant's argument as to no evidence is without merit. *Western & A. R. Co. v. Sellers,* 15 Ga. App. 369, 375 (83 SE 445); *McDonald v. Southern R. Co.,* 24 Ga. App. 608 (3) (101 SE 714).

This case is controlled by *Wright v. Lail,* 219 Ga. 607, 609 (135 SE2d 418), where the defendant contended he was harmed by a charge in which the trial judge followed a proper instruction as to diminution of capacity to labor and its standard of measurement, without explanation, "with the standards normally to be used in determining the diminution of one's capacity to earn money and then concluded:

'in the matter of the loss of future earnings however granted would be an item which would be reduced to its present cash value. . .'" The Supreme Court pointed out that permanent diminution of one's capacity to labor is for the enlightened conscience of a fair and impartial jury, while pecuniary loss from lost time or diminution of capacity to earn money required evidence involving numerous considerations among which "are the earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future." *Wright v. Lail,* 219 Ga. 607, 609, supra. Cited as authority was *Atlanta & W. P. R. Co. v. Haralson,* 133 Ga. 231, 235 (65 SE 437), which held: "If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery." The court in *Wright* then held insofar as the charge had the effect of requiring specific evidence of pecuniary loss and reduction to present cash value instead of leaving the matter to the enlightened conscience of impartial jurors: "If such charge were harmful error, it was harmful to the plaintiff and not to the defendant." *Wright v. Lail,* 219 Ga. 607, 609, supra.

Assuming but not deciding that the charge in the case sub judice did place "lost time" in the category of special damages instead of general damages where defendant contends it belongs (see however *Reynolds v. Rentz,* 98 Ga. App. 4, 11 (104 SE2d 608); *Kroger Co. v. Perpall,* 105 Ga. App. 682, 685 (125 SE2d 511), the defendant was not harmed. For the result would be to place a more onerous burden on the plaintiff to offer specific and calculable proof appropriate to special damages rather than that required as to general damages.

Enumerations of error 3 through 7 and 9 are without merit.

4. Error is assigned to the sustaining of an objection to the following question: "Did you draw your pay for any other days other, between July 1 and July 28?" To which the plaintiff replied: "After some discussion I did." Counsel

for the defendant argues that he should have been allowed to cross examine the plaintiff as to wages paid by his employer while the plaintiff was away from work since the plaintiff was seeking to recover the value of such wages.

Any error in restricting an examination into this subject was harmless. Under the "collateral source rule" payments made, either voluntarily or contractually, by a third party who was not a joint tortfeasor would not serve to diminish a tortfeasor's liability. *Wachtel v. Leonard,* 45 Ga. App. 14 (1) (163 SE 512); *Thompson v. Milam,* 115 Ga. App. 396, 397 (154 SE2d 721); *Cincinnati, N. O. &c. R. Co. v. Hilley,* 121 Ga. App. 196, 201 (173 SE2d 242); *N. C. & St. L. R. Co. v. Miller,* 120 Ga. 453 (1-3) (47 SE 959, 67 LRA 87, 1 AC 210); *State Farm Mut. Auto. Ins. Co. v. Board of Regents,* 226 Ga. 310, 311 (174 SE2d 920).

Enumeration of error 12 is not meritorious.

■ Enumeration of error 10 complains of the following charge: "I charge you further, that negligence may be shown by circumstances as well as by direct testimony. If considering all the surroundings and accompanying circumstances, an event is such as in the ordinary course of things would not have occurred, if the defendant had been using ordinary care, negligence may be presumed and places upon the defendant the burden of explaining the course of the occurrence."

It is contended that the language used is not the law of this State and that the charge includes the legal theory of res ipsa loquitur which is not applicable to the situation in this case. It is true that the doctrine of res ipsa loquitur is not applicable where the act asserted to be negligence is known and where the intervention of an intermediary cause could have produced the injury. *Parker v. Dailey,* 226 Ga. 643 (1) (177 SE2d 44). Moreover, language used by an appellate court may be inappropriate as an instruction to a jury. *Thomason v. Willingham,* 118 Ga. App. 821, 824 (165 SE2d 865); *Porter v. State,* 180 Ga. 147 (2) (178 SE 151). Nevertheless, the trial judge did not err in giving the instant charge. The language has been often used by this

court and held to be an applicable principle of law with regard to rear-end collisions. *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519); *Robertson v. Jackson,* 123 Ga. App. 623, 624 (181 SE2d 905), and cits. Without becoming unduly embroiled in legal semantics, the rule set forth entails the application of circumstantial evidence. See *Arnold Services v. Sullins,* 110 Ga. App. 19, 22 (137 SE2d 727), in which it was held (p. 20): "It is accepted generally as settled law that negligence, like any other fact, may be proved by circumstantial evidence as well as by direct testimony."

■ The following charge is assigned as error: "I charge you further, ladies and gentlemen of the jury, considering whether the operator of an automobile exercised due diligence, or by failure to exercise due diligence was guilty of negligence, the character of the instrumentality which he operated, and the danger attached to its operation if improperly used, as well as the character of the highway being traversed, and the probability of inflicting injury if all needed care was not used in the operation of the machine, are all to be taken into account in determining whether the operator of the automobile used due diligence, or was guilty of negligence in this case."

The identical charge was approved in *Huckabee v. Grace,* 48 Ga. App. 621 (10) (173 SE 744). The charge did not have the effect of making an automobile an inherently dangerous instrumentality. Statistics on the yearly highway death toll attest to the danger of the improper use of a vehicle. The charge was not subject to the objections urged against it.

Enumeration of error 11 is without merit.

■ The grounds complaining of the insufficiency of the evidence to support the verdict are without merit.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*